■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIAM HARRIS, Appellant, v. DANIEL J. McMANN, as Warden of Clinton Prison, Respondent.— MEMORANDUM BY THE COURT. By record proof indisputable in nature and thus properly received on appeal (*People ex rel. Williams* v. *Murphy,* 6 N Y 2d 234), the delay has been demonstrated to have been not unreasonable. Judgment affirmed, without costs. Gibson, P. J., Herlihy, Reynolds, Aulisi and Staley, Jr., JJ., concur.

■ ALFRED BERNKRANT, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 42445.) — AULISI, J. Appeals from orders of the Court of Claims which (1) denied the State's motion for an order dismissing the claim upon the ground that it did not state a cause of action, and (2) granted claimant's motion for an order directing the State to answer written interrogatories. Claimant, the owner of a small apartment building in New York City, applied to the State Rent Commission to evict certain of his tenants so that he could use the premises himself. His various applications and protests were denied and article 78 proceedings were instituted which culminated in the annulment of the Rent Administrator's determination and the direction that a certificate of eviction be issued (*Matter of Bernkrant* v. *Temporary State Housing Rent Comm.,* 18 A D 2d 887). Thereafter, the within action was instituted against the State for damages alleging, *inter alia,* that the State Rent Administrator continuously charged claimant with attempting to evade the Rent Law; that he and his staff failed to file complete returns resulting in a denial of claimant's right to a speedy hearing; and that they submitted false and misleading documents and evidence as a design to deny claimant's application. It is our opinion that the claim must be dismissed as a matter of law. Claimant seeks damages for the alleged wrongful and malicious acts of a public official. The waiver of immunity by the State (Court of Claims Act, § 8) is inapplicable here where the activity complained of is sovereign in character and cannot be likened to functions which could be carried on by a private person or corporation (*Granger* v. *State of New York,* 14 A D 2d 645). The Emergency Housing Rent Control Law (L. 1946, ch. 274, as amd.) establishes the position of State Rent Administrator and defines his duties among which is the duty to grant a certificate of eviction. These proceedings must be instituted by the landlord and are of an adversary nature (§ 5) with appropriate remedies for review (§§ 8, 9). This function is surely of a judicial or quasi-judicial nature and necessarily requires the exercise of judgment and discretion. This is one of the areas of governmental activity where the officer and the sovereign power are protected from liability and for which the State has not waived its immunity. (*Rottkamp* v. *Young,* 21 A D 2d 373, affd. 15 N Y 2d 831; *Instalment Dept.* v. *State of New York,* 21 A D 2d 211.) We reach no other question. Orders reversed, on the law, and claim dismissed, without costs. Gibson, P. J., Herlihy, Reynolds and Staley, Jr., JJ., concur.