■ BURGUNDY BASIN INN, LTD., Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 57773.) — Appeal from an order of the Court of Claims, entered February 26, 1974, which denied the claimant's motion for a change of venue and for the production of certain State officers, agents or employees for examination before trial, and granted the State's cross motion to dismiss the claim. Pursuant to a mass gathering permit issued by the New York State Department of Health in accordance with Part 7 of the State Sanitary Code (10 NYCRR Part 7), the Watkins Glen Grand Prix Corporation and the Country Concerts Corporation promoted and operated a rock music festival at Watkins Glen, New York, from July 27, 1973 to July 29, 1973. Thereafter, the claimant, which operated concession stands at the festival, commenced this action seeking to recover for damages it allegedly suffered in the operation thereof by way of lost property and clean-up expenses. Grounding its case on the contention that the mass gathering permit was negligently issued, the claimant argues that, in effect, the State licensed a nuisance which was the cause of its damages. In the trial court, however, the State's cross motion to dismiss the claim was granted on the ground that the claimant had failed to state a valid cause of action. We agree with the trial court. Where State actions are quasi-judicial in nature and, thus, require the exercise of judgment and discretion, it is well settled that the State is protected from liability therefor, notwithstanding the statutory waiver of immunity embodied in section 8 of the Court of Claims Act (*Instalment Dept.* v. *State of New York*, 21 A D 2d 211). Consequently, since the issuance of the permit in this case was clearly a judgmental and discretionary act (cf. *Village of Nyack* v. *Diamond*, 38 A D 2d 453; *Van Buskirk* v. *State of New York*, 38 A D 2d 349), the claim was properly dismissed. Order affirmed, without costs. Herlihy, P. J., Greenblott, Sweeney, Main and Larkin, JJ., concur.