■  THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN K. GOLDSWER, Appellant.—Appeal from a judgment of the Supreme Court, Warren County, rendered November 8, 1974, upon verdicts convicting defendant of 11 misdemeanor counts of official misconduct in violation of subdivision 1 of section 195.00 of the Penal Law. On September 17, 1973 defendant was indicted on 27 misdemeanor counts of misconduct or violations of regulations providing for minimum standards for jails. He was also indicted on one felony count of grand larceny. After a trial, he was convicted of 11 misdemeanor counts of official misconduct. On this appeal he contends (1) that subdivision 1 of section 195.00 of the Penal Law is unconstitutional; (2) that he was deprived of his right to a speedy trial; and (3) that there was insufficient evidence to support the conviction of 11 counts of official misconduct. Specifically, defendant bases his contention of unconstitutionality on the ground that the statute is too vague. We disagree. In our view, the language clearly apprises a reasonable man of the nature of the acts prohibited and of what conduct is required of him. *(People v Byron,* 17 NY2d 64, 67.) Defendant has failed to overcome the strong presumption of constitutionality. Nor is there merit to defendant's contention that he was deprived of a speedy trial. The record demonstrates that various pretrial motions which were necessary were submitted by defendant, and that they consumed considerable time through no fault on the part of the prosecution. The trial was commenced on October 23, 1974, shortly after this court changed the venue to Warren County. Finally, an examination of the record in its entirety reveals there is ample proof to justify the jury's verdict of guilty of the 11 counts of official misconduct. Judgment affirmed. Herlihy, P. J., Greenblott, Sweeney, Larkin and Reynolds, JJ., concur.

■  In the Matter of the Claim of MARY KARRAS, Appellant, v STATE OF NEW YORK, Respondent.—Appeal from an order of the Court of Claims, entered April 18, 1974, which denied claimant's motion for permission to file a late claim without the period of 90 days following the occurrence giving rise to the claim pursuant to subdivision 5 of section 10 of the Court of Claims Act. We choose to affirm on the ground that the claimant has failed to allege a cause of action (see *Chergotis v State of New York,* 259 App Div 369). The acts which are alleged as being negligent clearly involved the exercise of governmental discretion which cannot give rise to liability *(Weiss v Fote,* 7 NY2d 579; *Burgundy Basin Inn v State of New York,* 47 AD2d 692). Order affirmed, without costs. Herlihy, P. J., Greenblott, Sweeney, Main and Reynolds, JJ., concur.