CHARLES O. DESCH, INC., Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 58666.)

Third Department, December 30, 1975

*Louis J. Lefkowitz, Attorney-General (Jeremiah Jochnowitz* and *Ruth Kessler Toch* of counsel), for appellant.

*Di Fabio & Couch, P. C. (Leslie F. Couch* of counsel), for respondent.

MAIN, J. The claimant, a contracting firm, was the successful bidder on a watershed project in Greene County which involved the clearing of an extensive area of land. In furtherance of the performance of its obligation under the contract, the claimant applied to the New York State Department of Environmental Conservation (hereinafter EnCon) for a burning permit so as to enable it to burn useless felled timbers and underbrush. On June 11, 1973 an unidentified employee of EnCon wrote to the claimant advising as follows: "Our policy on State and/or federally funded projects is not to allow open burning. Government must help set the example by protecting and conserving our natural resources." As a result, the claimant was forced to dispose of the debris from the clearing project by other means which were decidedly more time-consuming and expensive.

Contending that its application for the burning permit was never considered on its merits and was rejected unlawfully, arbitrarily and contrary to properly adopted rules and regulations and upon the false pretense that its issuance would be in contravention of established State policy, the claimant duly commenced this action. The State asserts that the action

complained of was a governmental function, quasi-judicial in nature and that, therefore, no liability in negligence could attach to the State.

It is certainly well established that, while the State has waived its sovereign immunity for those acts of its agents that are comparable to acts of private individuals or corporations (Court of Claims Act, § 8), this waiver does not subject the State to liability when it is acting in a quasi-judicial capacity or when it is exercising judgment or discretion *(Burgundy Basin Inn v State of New York,* 47 AD2d 692, mot for lv to app den 37 NY2d 706; *Jacobson v New York Racing Assn.,* 41 AD2d 87, 93). Further, the State's waiver of immunity and assumption of liability has never been extended to redress individual wrongs which may have resulted from an error in the exercise of judgment by an officer of the State in the performance of his duty *(Gross v State of New York,* 33 AD2d 868). However, if a ministerial or nondiscretionary act is wrongfully done, liability ensues *(Gross v State of New York, supra).*

Accordingly, the critical issue here is whether the act done was a discretionary act or a ministerial one. While the Commissioner of EnCon has the apparent discretion to disapprove or approve an application for a burning permit (6 NYCRR 215.3), claimant alleges that no discretion was exercised and that the application was never reviewed on its merits, but was rejected on the basis of a nonexistent policy. If these allegations were proven, the act complained of would be a ministerial one rather than, as claimed by the State, purely discretionary. However, the facts presented are insufficient to permit us to make a determination on this critical issue. There is no proof as to the identity of the agent or officer who allegedly rejected the claimant's application, nor are we aware of the position he or she may have held, and, consequently, we are unaware of his or her power or authority. Likewise, there is no proof before us that any duly promulgated policy required rejection of the application.

A motion to dismiss under CPLR 3211 (subd [a], par 7) should only be granted if it is very clear that the claimant is entitled to no relief under any construction of the facts alleged in the pleadings *(Richardson v Coy,* 28 AD2d 640; see 4 Weinstein-Korn-Miller, NY Civ Prac, par 3211.44). The same rule obtains in the Court of Claims (19 Carmody-Wait 2d, New York Practice, § 120:1).

Accordingly, the decision of the Court of Claims which denied the State's motion should be affirmed.

The order should be affirmed, with costs.

KOREMAN, J. (dissenting). We do not agree with the majority that, on the facts presented, a determination cannot be made of the critical issue of whether the act complained of was a discretionary or a ministerial one.

The Legislature has charged EnCon with the responsibility of carrying out the environmental policy of the State relating to the protection of the environment and control of air pollution. (Environmental Conservation Law, § 3-0301; 6 NYCRR 215.3.) The duty imposed upon EnCon was a duty to the public in the first instance, and when it denied claimant's application for an open burning permit EnCon was acting pursuant to statutory authority and in a quasi-judicial capacity which requires the exercise of judgment and discretion. As the majority recognizes, the State's waiver of immunity and assumption of liability has never been extended to redress individual wrongs which may have resulted from an error in the exercise of judgment by an officer of the State in the performance of his duty *(Gross v State of New York,* 33 AD2d 868). The court below characterized the acts of EnCon as arbitrary and capricious from which, it concluded, the State should not be immunized, and the majority appears to be of the same opinion. It is clear, however, that the mere fact that an employee or agent of EnCon may have been mistaken in his statement of departmental policy concerning issuance of the permit in question, and even though EnCon may have acted arbitrarily and capriciously in denying the permit, we are dealing with an area of governmental activity where the officer and sovereign power are protected from liability in damages and for which the State has not waived its immunity. *(Matter of Karras v State of New York,* 48 AD2d 748; *Burgundy Basin Inn v State of New York,* 47 AD2d 692, mot for lv to app den 37 NY2d 706; *Gross v State of New York, supra; Bernkrant v State of New York,* 26 AD2d 964.)

Claimant is not entitled to the relief sought as a matter of law. The order should be reversed and the claim dismissed.

GREENBLOTT, J. P., and SWEENEY, J., concur with MAIN, J.; KOREMAN and REYNOLDS, JJ., dissent and vote to reverse in an opinion by KOREMAN, J.

Order affirmed, with costs.