■ SALVATORE CERTO, as Administrator of the Estate of MARIO CERTO, Deceased, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 58212.) —Appeal from an order of the Court of Claims, entered December 11, 1974,

which granted a motion to dismiss the claim. In 1971, Ellery Coleman was adjudged a person in need of supervision (hereinafter "PINS") pursuant to article 7 of the Family Court Act and he was thereafter placed in a State training school. This disposition was reversed by the Court of Appeals on the ground that a training school was not a suitable location for a person never convicted of a crime *(Matter of Ellery C.,* 32 NY2d 588), and the matter was remanded to Family Court for further proceedings. While under the supervision of that court, and on December 3, 1973, he stabbed and killed Mario Certo, a 14 year old. This claimant, decedent's father, now seeks to hold the State liable in negligence for failing in its duty to provide suitable facilities to implement article 7 of the Family Court Act in that (1) it did not offer rehabilitative supervision but improperly confined him in a place where, in fact, he received criminal education, and (2) it failed to protect the public from a PINS. It must be noted that the statutory scheme of article 7 of the Family Court Act is designed to benefit a PINS, not to protect the general public from him (Family Ct Act, § 720, subds [b], [c]; §§ 724, 756, 782). Having committed no criminal act (Family Ct Act, § 712), a PINS cannot be categorized as a direct threat to society. Clearly, the acts for which the claimant seeks to hold the State responsible are inherently governmental in nature and do not constitute the type of activity for which the State has waived its immunity *(Riss v City of New York,* 22 NY2d 579; *Bernkrant v State of New York,* 26 AD2d 964). Accordingly, the claim was properly dismissed. Order affirmed, without costs. Koreman, P. J., Greenblott, Kane, Mahoney and Larkin, JJ., concur.