■ MASON STATIONERY PRODUCTS, INC., Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 59667.) MASTER PAD AND PAPER CORPORATION, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 59668.) MASTER PAD AND PAPER CORPORATION, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 59669.)—Appeals from an order of the Court of Claims, entered March 24, 1977, which granted defendant's motion to dismiss the claims. These claims seeking damages from the State of New York arise as a result of actions taken following Master Pad and Paper Corporation's (Master Pad) inability to comply with the terms of a contract it had been awarded by the Commissioner of General Services to provide certain paper supplies to the State. Because of this failure to perform, the contract was canceled and both Master Pad and Mason Stationery Products, Inc. (Mason) had their names removed from the State's list of acceptable bidders. Master Pad's name was also placed on a list of defaulters with the City of New York and barred from bidding on future contracts with the city. It is Master Pad's contention that its inability to perform was attributable to the State's unjustifiable refusal to accept substitutes and permit a modification of the contract when a nationwide paper shortage developed, and the State's allowing political subdivisions, municipal agencies and others to make purchases under the terms of the contract at the time of the shortage far in excess of the State's estimated annual requirements. Money damages are sought by Master Pad due to the damages resulting from its inability to meet all of the orders placed under the contract. Mason, which was not a party to the contract between the State and Master Pad, seeks damages in its claim for loss of business caused by the unjustifiable removal of its name from the State's list of acceptable bidders. The State moved in the Court of Claims to dismiss all the claims for lack of subject matter jurisdiction and failure to state a cause of action. The motion was granted dismissing the claims and this appeal ensued. The basis of Master Pad's claims involves the reasons why it failed to perform under the terms of its own contract. In the posture of these claims, the reasons for that failure are not germane. The responsible authority in fulfillment of its statutory duty (State Finance Law, § 174) has determined that Master Pad is not a "responsible bidder" and that it is in the State's best interest to remove Master Pad's name from the State's list of acceptable bidders. This determination is an exercise of discretion by the Commissioner of General Sevices and is a quasi-judicial govermental function for which the State is immune from liability (*Desch, Inc. v State of New York,* 60 AD2d 678, affd 45 NY2d 882; *Burgundy Basin Inn v State of New York,* 47 AD2d 692, mot for lv to app den 37 NY2d 706; *Gross v State of New York,* 33 AD2d 868). Moreover, Master Pad's complaint of being placed on a defaulter's list by the City of New York does not allege a cause of action against the State of New York. Nor do we find any merit in Master Pad's complaint of being overburdened by the demands of various political subentities for supplies. Master Pad knew, or should have known, the scope of its responsibility, since the specifications given to bidders specifically stated, "Political subdivisions and others authorized by law may participate in contract awards." (See State Finance Law, § 161,

subds 1, 2; § 163, subds 1, 3, 9; 9 NYCRR 250.5.) Mason's claim was also properly dismissed. Even if there were no justification for the removal of Mason's name from the State's list of acceptable bidders, Mason does not have a claim against the State for damages since the wrong complained of involved a quasi-judicial governmental function. If Mason believed that it was improperly removed from the list, its proper remedy was to commence a CPLR article 78 proceeding seeking to have its name restored to the list. Order affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Larkin and Herlihy, JJ., concur.