■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD P. LUCAS, Appellant.—Appeal from a judgment of the County Court of Sullivan County, rendered July 14, 1978, upon a verdict convicting defendant of murder in the second degree (two counts), kidnapping in the first degree, and robbery in the first degree. Craig R. Mitton, who collected daily revenues from service stations for his employer, Mid-Valley Petroleum Corporation of Newburgh, New York, disappeared after leaving company offices at approximately 4:30 P.M. on October 13, 1975 to make a deposit which totaled $25,647.19. His body, bearing three bullet wounds and marks of a blow to the head, was discovered in Sullivan County two days later. The coroner indicated that based on his findings, Mitton had been shot between 4:00 P.M. and 7:00 P.M. on October 13, 1975. At approximately 4:00 P.M. on October 13, 1975 defendant and another person were seen in defendant's car near the bank at which Mitton was to make the deposit. Earlier in the day defendant had been with one Richard Graham. Graham had been fired on October 1, 1975 from the position Mitton held because he had misappropriated company funds, and because he had retained a $30,000 deposit overnight. Sometime between 7:30 P.M. and 8:00 P.M. on October 13, 1975 defendant and Graham arrived at the home of defendant's girlfriend, Cheryl Kilb, in Walden, New York. Also at the house was Roberta Holmes, who was Graham's girlfriend. Later that evening, the four drove to Newark, New Jersey, where they spent the night. The following day defendant and Graham purchased travelers checks, and each opened a safe deposit box, giving addresses in Newark, New Jersey. Later, when police officers opened these boxes, each contained over $10,000 in cash. On October 18, 1975 the police learned that defendant and Graham were registered in a motel in Dania, Florida. On October 19 the police entered the motel rooms and arrested defendant. Defendant waived an extradition hearing, and was returned to New York. While en route to New York, defendant told a police officer that, if he could talk to the District Attorney, he could explain that he did not do everything. After trial, the jury found defendant guilty of intentional murder, felony murder, kidnapping in the first degree, and robbery in the first degree. He was sentenced to a term of 25 years to life on the intentional murder conviction; 25 years to life on the felony murder conviction; 25 years to life on the kidnapping conviction; and eight and one-third to 25 years on the robbery conviction—the first three sentences to run concurrently, and the last to run consecutively. Defendant's first contention is that the sentence was improper because: (1) the kidnapping charge merged with the robbery conviction; (2) since he had been convicted of felony murder, the predicate felony should have been dismissed as a lesser included offense; and (3) in any event, the court should not have imposed a consecutive term on the robbery conviction. On the appeal to this court from the judgment of conviction of Graham on identical counts, it was held that, since Graham was convicted of felony murder, the predicate felony charge of robbery should be dismissed, and also that the kidnapping charge merged into the robbery charge. In the Graham case, the judgments imposed for conviction of kidnapping in the first degree and robbery in the first degree were vacated, and the counts of the indictment therefor were dismissed (People v Graham, 69 AD2d 544, 549). Accordingly, the judgment convicting defendant of the charges of kidnapping and robbery should be vacated, and the counts of the indictment therefor should be dismissed. Defendant asserts that the trial court made numerous errors in its charge to

the jury. Some of the alleged errors were not objected to and, therefore, were not preserved for review (CPL 470.05, subd 2; *People v Patterson,* 39 NY2d 288). Most of the objections to the charge were frivolous and if some errors do exist, they were not so substantial as to deprive defendant of a fair trial, or to require a reversal *(People v Crimmins,* 36 NY2d 230; *People v Harris,* 25 NY2d 175). Defendant further argues that the 31 months which elapsed between his arrest on October 19, 1975 and the commencement of his trial on May 15, 1978 constituted unreasonable delay as a matter of law. The District Attorney concedes that, if the entire delay were attributable to him, defendant's right to a speedy trial might well have been violated. However, the prosecution maintains that most of the delay is attributable to defendant. The period from December 4, 1975 until May 26, 1976, approximately six months, was taken up with defendant's making his omnibus motion, and entering the order thereon. Defendant also made other motions prior to June 2, 1977 when the People were ready to proceed to trial. Moreover, defendant indicated on June 2, that he was not ready for trial, and asked that the Graham case be tried first. Graham's trial ended on October 14, 1977. On November 11, 1977 the District Attorney again moved this case for trial, but defendant claimed that he was about to move for a change of venue. Such motion was made on December 15, 1977 and was denied on February 2, 1978. In the meantime, defendant's counsel had withdrawn. Present counsel was appointed on February 13, 1978 and proceeded to bring 10 motions over the next four months. Trial was eventually commenced on May 15, 1978. Based on these facts, most of the delay was attributable to defendant, and his contention should be rejected *(People v Goldswer,* 48 AD2d 748, affd 39 NY2d 656). When defendant was arrested on October 19, 1975, he was advised of his constitutional rights and, upon his arrival at the police station, he executed a *Miranda* waiver, and indicated he wanted an attorney. Defendant now contends that the statement he made on the plane to Investigator Reidy, prior to his representation by counsel, to the effect that if he could talk to the District Attorney he could explain that he did not do everything, was inadmissible. The court ruled that the statement was admissible on the ground that the evidence established that the statement was spontaneous. After defendant waived extradition, he was transported back to New York by airplane accompanied by Investigator Reidy. During the flight, defendant initiated a conversation with Reidy with his main line of inquiry relating to what, if anything, the District Attorney would do for him with respect to the homicide. Volunteered spontaneous statements are admissible, and such statements are not barred by the Fifth Amendment *(People v Robles,* 27 NY2d 155; *People v Kaye,* 25 NY2d 139). The record supports the finding that the prosecution met its burden of proving that defendant's statement was voluntary and spontaneous and, therefore, admissible. We have considered the other contentions of defendant, and find that either they are without merit, or were reviewed and disposed of in *People v Graham (supra).* In view of the overwhelming evidence proving defendant's guilt beyond a reasonable doubt, . the judgment of conviction of murder in the second degree should be affirmed, and the convictions of kidnapping in the first degree and robbery in the first degree should be reversed. Judgment modified, on the law and the facts, by reversing the convictions of kidnapping in the first degree and robbery in the first degree and dismissing the counts of the indictment therefor, and, as so modified, affirmed. Sweeney, J. P., Staley, Jr., Main, Mikoll and Herlihy, JJ., concur. [95 Misc 2d 334.]