OPINION OF THE COURT
Jeremiah J. Moriarty, J.
This is a motion by the State for an order dismissing this *222 claim upon the grounds that it fails to state a cause of action, and that the court lacks jurisdiction to entertain it.
The claimant Phyllis Diane Walker is the natural mother of two deceased infants, namely Carlos Shane Alfonso and Latoya Alfonso. It is not entirely clear from the papers before the court, but it is reasonable to conclude therefrom that these infant children were removed from the custody of their mother, under an order of the Family Court of Onondaga County, and placed in the custody of the Onondaga County Department of Social Services. This department placed the children in a foster home; they were severely burned in a fire which occurred in the foster home on February 6, 1978, and they both died as a result of their burns.
This claim is for the wrongful death of the children, and for their conscious pain and suffering prior to death, which it is alleged are the result of the negligence of the New York State Department of Social Services and the Onondaga County Department of Social Services, being agents, servants or employees of the State of New York in "failing, after having wrongfully removing [sic] the decedents * * * from the custody of their mother and placing them in a foster care home, to properly inspect, supervise, or maintain said foster home * * * and further, placing said children in a home which was overpopulated, under staffed, staffed by inadequately qualified persons, inadequately maintained to prevent personal injury or death by fire”.
The statutory scheme places the responsibility for the assistance and care of persons in need of assistance or care in the local social services district, while the policy and rule-making authority is concentrated in the State Department of Social Services. Under provisions of sections 20 and 34 of the Social Services Law, the actual administration of the foster care program, including the acceptance and certification of foster care facilities, is administered by the local social services officials. Pursuant to sections 371-380 of article 6 of said law, the decision to license, review, certify and inspect foster care facilities is vested in the local agency. In his answering affirmation, counsel for the claimant contends that these duties are conferred on the State Commissioner of Social Services. We believe this misapprehension is due, in part, to the rather confusing designations set forth in section 2 of article 1 of the Social Services Law (definitions) as follows: "6. Commissioner means the state commissioner of social services *223 * * * 10. Commissioner of social services shall mean a city or county commissioner of social services.” The references cited by claimant’s attorney in his affirmation discuss the duties of the "Commissioner of Social Services”, thereby referring to the local county commissioner.
Further, the decision to place children in a foster care facility is also a local decision (cf. Social Services Law, § 374). As previously indicated, it appears that, in this particular matter, the placement was made pursuant to an order of a Family Court Judge. In Palmer v State of New York (59 AD2d 976), it was held that a Family Court Judge is a local officer, and not a State officer for whose torts the State might possibly be liable.
Having determined that the decisions to license the facility in question, and to place the claimant’s decedents in said facility were attributable to local rather than State action, this court finds additionally that no special duty was owed to the decedents by the State.
Although the State has authority to oversee and review the actions of local social services departments, the failure to exercise that right in any particular case is not actionable. When the State has the authority to inspect or oversee, mere failure to discover a violation of regulations, absent a showing of notice, is not actionable. (Matter of Klee v State of New York, 94 Misc 2d 284; Young v State of New York, 278 App Div 997, affd 304 NY 677; Patterson v State of New York, Court of Claims, Sept. 20, 1979, Koreman, J.) In this case, the primary responsibility for the care and placement of children in the foster care programs was vested in the local agencies. The State is charged with supervising the administrative policies of the local departments, but it cannot be required to review each individual action taken at the local level. This court finds, therefore, that the State of New York was not negligent in failing to investigate the placement of the Alfonso infants.
The courts in this State have held that, as a general rule, individuals cannot hold the State liable for negligence in the performance (or nonperformance) of governmental discretionary functions. (Southworth v State of New York, 62 AD2d 731, affd 47 NY2d 874; Evers v Westerberg, 38 AD2d 751, affd 32 NY2d 684; Matter of Karras v State of New York, 48 AD2d 748; Motyka v City of Amsterdam, 15 NY2d 134; Moch Co. v Rensselaer Water Co., 247 NY 160; Dutton v City of Olean, 60 *224 AD2d 335, affd 47 NY2d 756.) However, if a special relationship has been created (Schuster v City of New York, 5 NY2d 75, police were liable for failure to protect an informant; Smullen v City of New York, 28 NY2d 66, city was held liable when inspector assured a worker that an excavation was safe); or when a specific class are to be protected, and notice exists that immediate injury is foreseeable (Runkel v City of New York, 282 App Div 173), liability has been imposed for negligent performance of governmental functions. Because it has not been shown that the State assumed an active role in the care of the Alfonso infants, no special duty was owed to them by the State.
Additionally, the State’s waiver of immunity under section 8 of the Court of Claims Act has never been interpreted to be absolute. The acts of public officials of a judicial or quasi-judicial nature have traditionally been held to be immune from tort liability. (Weiss v Fote, 7 NY2d 579; Murray v Brancato, 290 NY 52.)
In Certo v State of New York (53 AD2d 971, mot for lv to opp den 40 NY2d 809), the Appellate Division held that the State had not waived immunity from administrative decisions, such as where to place individuals under the court’s supervision. In Certo, an adjudicated person in need of supervision (PINS) was sent to a training school. The Court of Appeals found the placement to be inappropriate and remanded the case for further proceedings. Before the PINS was removed, he stabbed and killed the claimant’s son. This fact pattern is analogous to the claim at bar in that an agency (the State) had assumed control over the placement of the individual involved; and its decision, although perhaps inappropriate, was held to be immune. (See, also, Cruz v State of New York, 63 AD2d 862.)
Thus, this court finds that jurisdiction is lacking over the subject matter of this claim. The Court of Claims does not have jurisdiction over the actions of local officials, and the State has not waived immunity for claims arising from the performance of discretionary governmental functions; it is therefore ordered, that the State’s motion is granted, and that the claim be, and the same hereby is, dismissed.