■ LATIN BELLY LIMITED, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 63152.) — Appeal from an order of the Court of Claims (Murray, J.), entered May 2, 1980, which granted defendant's motion to dismiss the claim seeking monetary and compensatory damages for failure to award claimant certain contracts. In its complaint, claimant alleges a number of improper actions by the State Education Department (hereinafter Department) related to claimant's bid to be awarded certain contracts pursuant to the Summer Food Program for the year 1977. The defendant rejected claimant's application to participate in the program for an alleged violation of the sponsor-vendor contract in the prior year. On May 27, 1980, claimant contested the charge and demanded a hearing on the matter. On June 3, 1980, defendant advised claimant to submit documentation to sustain the validity of its challenge to defendant's determination. Claimant complied and on June 8 it was advised by defendant to proceed to litigation. An article 78 proceeding was commenced by claimant on June 10. Judgment was entered thereon in claimant's favor on June 17. Claimant submitted its bids on June 23, 1980, which was the closing day for bids, but the bids were not accompanied by the required bid bond. Claimant alleges that it was unable to timely secure the bid bond because of the delays occasioned in seeking its reinstatement as an approved vendor. The Department refused to waive the bond requirement and claimant's bids were rejected. Claimant then commenced the instant action for monetary and compensatory damages contending that the award of contracts was fraught with irregularities in that awards were made to other than the

lowest bidders; that there was a failure by the Department to review the ability of successful sponsors to perform their contracts; that defendant's actions discriminated against claimant because of its national origin; and that defendant violated its contractual relationship with claimant. Claimant seeks money damages for its loss of profits resulting from defendant's negligence and compensatory damages for the pain and suffering, damage to business reputation, humiliation, embarrassment, intimidation and anguish it sustained. The State moved in the Court of Claims to dismiss all claims for lack of subject matter jurisdiction and failure to state a cause of action. The motion was granted dismissing the claims and this appeal ensued. Claimant's claim is based upon its inability to secure a bond to submit with its bid because of defendant's actions and its rejection as a bidder by the defendant. It is alleged that its failure is directly attributable to improper actions of the Department. While it appears that the Department may have erred in originally disqualifying claimant and also unduly delayed in advising claimant of its decision after a review of the matter, claimant does not have a claim against the State for damages since the wrong complained of involves a quasi-judicial governmental function. The State has not waived its immunity from claims in such instance. A rejected bidder on a public contract has no claim for damages (*Mason Stationery Prods. v State of New York,* 65 AD2d 859; *Gross v State of New York,* 33 AD2d 868; *Bernkrant v State of New York,* 26 AD2d 964). Order affirmed, without costs. Mahoney, P. J., Mikoll, Yesawich, Jr., and Weiss, JJ., concur.