■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DALE P. KEPPLER, Appellant. — Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered December 16, 1980, upon a verdict convicting defendant of the crime of rape in the first degree. Defendant and Marjorie Mason had terminated a somewhat lengthy intermittent romantic relationship previous to May, 1980. On the night of May 10, extending into the early hours of May 11, Mason went to a bar after completion of work, where defendant happened to be present. He followed her car, eventually cutting her off on a country road, and dragged her out of the car onto a grassy patch where he tore off her pants and underwear, struck her several times, overcame her earnest resistance, and using forcible compulsion, performed sexual intercourse. Upon reaching home, she called the police, revisited the scene and was taken to St. Peter's Hospital emergency room. Defendant was arrested, indicted for rape, first degree, and was tried and convicted on that charge. Defendant initially contends that prosecutorial misconduct both during the trial and upon summation deprived him of a fair trial. Defendant identifies this misconduct as the attacking of the credibility of defendant and his witnesses, reading portions of redacted medical history to the jury, and improper remarks during summation. While conceding that his objections were sustained and prompt curative instructions given to the jury, defendant contends that the cumulative effect was so highly prejudicial as to deny him a fair trial (*People v Patterson,* 88 AD2d 694). We disagree. While certain of the prosecutor's remarks might better have been left unsaid, we find objections were properly sustained and curative instructions promptly given by the court. Improper summation should be assessed for its prejudicial effect (*People v Brosnan,* 32 NY2d 254, 262). An order for a new trial is properly shunned when prosecutorial misconduct has not substantially prejudiced a defendant's trial (*People v Galloway,* 54 NY2d 396). Defendant next contends that improper conduct of the trial court was materially prejudicial and denied him a fair trial. This conduct is described as the trial court's interjecting itself into the proceedings, assisting the prosecution in its presentation of the case, and making gratuitous admonishing remarks to defense counsel. Our careful reading of each of the instances cited in defendant's brief fails to persuade us that the trial court was guilty of misconduct sufficient to require that the conviction be reversed. The Court of Appeals has said "neither the nature of our adversary system nor the constitutional requirement of a fair trial preclude a trial court from assuming an active role in the truth-seeking process [citations omitted]. Often the Judge plays a vital role at trial by

clarifying the issues to be resolved and restricting the proof to reasonable bounds" (*People v Jamison,* 47 NY2d 882, 883). From the record of this two-week trial which contains multiple lengthy colloquies between the court and both counsel, we find that the court intervened evenhandedly and only when necessary, and neither the defense nor prosecution was singled out for criticism or special treatment. Instructions were given to dispel any prejudice and to emphasize to the jury that their only concern was to assess the guilt or innocence of defendant rather than the conduct of counsel or the court (see *People v Gonzalez,* 38 NY2d 208). Defendant urges that despite timely demand for *Brady* and *Rosario* material pursuant to CPL article 240, the prosecution provided only "bits and pieces of material" after witnesses had testified. However, the record shows that this failure was principally limited to one witness and that defense counsel declined the opportunity to recall the witness for further cross-examination after receipt of the material. We find this sanction appropriate inasmuch as the trial was still in progress (see *People v Kegelman,* 73 AD2d 977) and that, lacking a demonstration of intentional misconduct, the alternative sanction of reversal would be inappropriate (see Bellacosa, Practice Commentary, McKinney's Cons Laws of NY, Book 11A, CPL 240.70, p 418). Defendant's remaining arguments urge that the cumulative effects of misconduct by both the court and prosecutor compel either a mistrial or that the verdict be set aside. Our examination of the record shows that the evidence was legally sufficient to sustain the guilty verdict and warrant denial of defendant's motions. The medical and scientific evidence, condition of the victim's clothing, and defendant's watch found at the scene, when taken together with the jury's evaluation of the credibility of the several witnesses, in their totality, afford sufficient legal basis to support the verdict. Finally, it should be noted that "[n]o trial is perfect, and if it is eminently fair and if cautionary instructions are given, the result will be upheld" (*People v Patterson,* 83 AD2d 691, 692). Judgment affirmed. Mahoney, P. J., Sweeney, Casey, Weiss and Levine, JJ., concur.