OPINION OF THE COURT
Gerard M. Weisberg, J.
In this motion, we must consider whether the State of New York can be cast in liability for the system used to register approximately 7,988,000 vehicles. (See The World Almanac & Book of Facts 1984, p 147.)
Claimant Frederick Chung seeks an award for the State’s negligence in its failure “to establish proper registration procedures for motor vehicles and to properly supervise and insure the accurate registration of motor vehicles within the State of New York.” The defendant has *677 moved to dismiss on the grounds that the claim fails to state a cause of action and was untimely filed. Also, the State urges that it is immune from suit in this instance. On oral argument, defendant conceded the timeliness issue.
In order to be legally sufficient, a claim “shall state the time when and place where such claim arose, the nature of same, and the items of damage or injuries claimed to have been sustained and the total sum claimed.” (Court of Claims Act, § 11.) Absent a properly filed claim, this court lacks jurisdiction. (See, e.g., Lurie v State of New York, 73 AD2d 1006, 1007, affd 52 NY2d 849; Bommarito v State of New York, 35 AD2d 458.)
Although claimant has stated that the State was negligent, he has failed to specify in what manner this alleged culpability caused his injury. Since the claim lacks this material element to the underlying cause of action, it is fatally defective. (Jackson v State of New York, 85 AD2d 818; Patterson v State of New York, 54 AD2d 147, affd 45 NY2d 885; see Matter of Sarlat v State of New York, 119 Misc 2d 369.)
Mr. Chung was allegedly involved in an automobile accident in which he sustained property damage. From the affirmation of claimant’s attorney, as well as from statements made on oral argument, we can infer that claimant is unable to bring an action against the owner of the car that struck his because the address on the registration for that vehicle was incorrect. This “negligence” mandates a recovery, it is urged.
At the outset we note that the claim, as construed, does not allege that the State was negligent in failing to correctly list on the registration the data in its possession. (Cf. Hudleasco, Inc. v State of New York, 90 Misc 2d 1057, affd 63 AD2d 1042.) Rather, it is the very procedure that the New York State Department of Motor Vehicles (Department) uses to gather facts from registrants that is being challenged.
The State’s waiver of its sovereign immunity does not extend to those activities which are governmental or discretionary in nature. (Williams v State of New York, 90 AD2d 861.) Liability will, however, arise from the negligence of a State employee in performing a ministerial act. *678 (See Rottkamp v Young, 21 AD2d 373, affd 15 NY2d 831.) Recently, the Court of Appeals has stated that “discretionary * * * acts involve the exercise of reasoned judgment which * * * [would] typically produce different acceptable results whereas a ministerial act envisions direct adherence to a governing rule or standard with a compulsory result.” (Tango v Tulevech, 61 NY2d 34, 41.)
Applying this definition to the instant claim, we conclude that the system by which the State, through the Department, registers automobiles is purely an exercise of discretion. This being the case, the fact that another method might be used, such as sending investigators to make personal visits to addresses given by applicants, cannot serve as the basis for the imposition of liability. In the absence of legislation, the determination of the need or manner to ensure the accuracy of information submitted to the Department and how to deploy its personnel and expend its funds should properly be left to the officials of that agency. (See Vehicle and Traffic Law, § 401, subd 1, par b.)
Moieover, the State’s authorization through the pertinent provisions of the Vehicle and Traffic Law to collect, maintain and disseminate motor vehicle records is peculiarly governmental. “No private person or entity is given this authority. Such activity is characteristic of a sovereign. The State’s actions in exercising this statutory power are sovereign in nature”. (Williams v State of New York, supra, p 862.) The claim is therefore barred. (See, also, Gross v State of New York, 33 AD2d 868; Granger v State of New York, 14 AD2d 645.)
We note that the State did not assume a special duty to Mr. Chung under which it vouched for the accuracy of the information in question. (See White v Guarente, 43 NY2d 356, 363; International Prods. Co. v Erie R.R. Co., 244 NY 331, 338.) Absent such an obligation, no cause of action will lie against a public entity for the performance of a governmental function. (See Quinn v Nadler Bros., 59 NY2d 914; Steitz v City of Beacon, 295 NY 51.) The registration requirements of the Vehicle and Traffic Law are designed for the protection of the general public and do not give rise to a special duty to specific individuals. Even if negligent, the State cannot be held liable for the adminis-
*679 tration and enforcement of its licensing obligations. (Southworth v State of New York, 47 NY2d 874.)
Finally, we observe that any action by the State was not a proximate cause of claimant’s injury. (See Southworth v State of New York, supra; Granger v State of New York, supra.) Any alleged misstatements resulting in damage to Mr. Chung were made by the registrant of the automobile that struck claimant’s vehicle, and not by an employee of defendant.
It is clear from the record before us that claimant is entitled to no monetary relief under any construction of the facts contained in his claim. (Cf. Desch, Inc. v State of New York, 50 AD2d 253.) Therefore, defendant’s motion is granted.