(October 25, 1984)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD P. LUCAS, Appellant. — Appeal from a judgment of the County Court of Sullivan County (Scheinman, J.), rendered October 28, 1981, upon a verdict convicting defendant of two counts of the crime of murder in the second degree.

Defendant was indicted in December, 1975 on charges of robbery, kidnapping, intentional murder and felony murder

following the discovery of the body of Craig Mitton, who, along with the $25,647.19 he was supposed to deposit for his employer, had disappeared on October 13, 1975. Defendant and his codefendant, Richard Graham, were apprehended in Florida on October 19, 1975. A search of defendant's vehicle revealed Mitton's fingerprints on the inside of the trunk lid. The police investigation also led to the discovery of safe deposit boxes in New Jersey, obtained by defendant and Graham the day after Mitton was murdered, containing in excess of $20,000.

After separate jury trials, defendant and Graham were convicted of the crimes charged in the indictment. On defendant's appeal, this court affirmed the murder convictions, but vacated the robbery and kidnapping convictions on the theory that they merged into the felony murder (73 AD2d 699). The Court of Appeals reversed the murder convictions, concluding that defendant's statement to the police during the return flight from Florida was taken in violation of defendant's right to counsel (53 NY2d 678). Defendant was retried on the intentional murder and felony murder counts of the indictment, and he was convicted of both counts. The case is here on appeal from the judgment rendered upon the second trial.

Defendant has alleged numerous errors in his brief on appeal. Although our discussion herein does not deal at length with all of the issues, we have considered each and every error asserted by defendant and find that none of them, either individually or collectively, require reversal. Accordingly, the judgment must be affirmed.

As the basis for several of the alleged errors, defendant points to this court's prior dismissal of the counts of the indictment charging robbery and kidnapping (73 AD2d 699, *supra*). Citing *People v Mayo* (48 NY2d 245), defendant claims that he was improperly retried on the original indictment. Unlike *Mayo,* where the trial court had dismissed the sole charge of a single-count indictment for insufficient evidence, leaving no valid count upon which a retrial could be had, this court's dismissal of the robbery and kidnapping counts left unaffected the two murder counts of the indictment upon which defendant was retried. It is noteworthy that the Court of Appeals, after reversing the murder convictions, remitted this case to the trial court "for further proceedings on the indictment" (53 NY2d 678, 683, *supra*). Defendant also argues that the principle of double jeopardy barred retrial of the felony murder count since the robbery and kidnapping charges dismissed by this court served as the underlying felonies. Fundamental to the prohibition against double jeopardy is "a determination going to factual innocence"

(*Matter of Pastrana v Baker,* 55 NY2d 315, 319), and this court's dismissal of the robbery and kidnapping charges clearly did not constitute such a determination. In any event, felony murder and the underlying felony are " 'substantively and generically entirely separate and disconnected offenses' " (*People v Berzups,* 49 NY2d 417, 427, quoting *People v Nichols,* 230 NY 221, 226). Thus, even a determination of factual innocence of the underlying felony will not bar a retrial of the felony murder count (*People v Murray,* 92 AD2d 617). It is further argued that the trial court erred in instructing the jury that either robbery or kidnapping could serve as the underlying felony for felony murder. The felony murder count of the indictment alleged both robbery and kidnapping as underlying felonies and, as noted above, this court's dismissal of the robbery and kidnapping counts left unaffected the felony murder count of the indictment. Accordingly, we reject defendant's claim that the trial court was precluded from charging kidnapping as a possible underlying felony.

Concerning the charge to the jury, defendant also contends that the trial court erred in responding to the jury's request for a clarification of reasonable doubt and in refusing defendant's request to charge the definition of immediate flight, as that term is used in the felony murder statute (Penal Law, § 125.25, subd 3). Under the circumstances herein, we perceive no error in the trial court's decision to respond to the jury's request for clarification of reasonable doubt by repeating rather than expounding upon an adequate original charge (*People v Malloy,* 55 NY2d 296, 303, cert den 459 US 847). Nor did the court err in refusing to charge the definition of immediate flight, for unlike *People v Gladman* (41 NY2d 123), where the defendant killed a police officer at a point remote both in time and place from the underlying robbery, the evidence herein does not present a factual issue as to whether the victim Mitton was killed after defendant had effectuated his escape following completion of the underlying felonies. We also find that the trial court's charge concerning criminal liability for the conduct of another (Penal Law, § 20.00) appropriately instructed the jury on the issue of intent (see *People v Gibson,* 65 AD2d 235, 237, mot for lv to app den 46 NY2d 1080, cert den 444 US 861) and, therefore, the court's refusal to further charge as requested by defendant does not require reversal.

We reject defendant's claim that a new trial is required as a result of the prosecutor's conduct. Our examination of the record does not reveal the type of flagrant pervasive pattern of prosecutorial misconduct, the cumulative effect of which has led appellate courts to order a new trial (see, e.g., *People v Whalen,* 59

NY2d 273, 280-281; *People v Mott,* 94 AD2d 415; *People v Dowdell,* 88 AD2d 239). Taken in context, and considering the length of the trial, the issues raised and the instructions given by the trial court, we conclude that while the prosecutor may have occasionally strayed beyond the bounds of proper advocacy, the prosecutor's tactics did not so prejudice defendant as to deprive him of a fair trial (see *People v Galloway,* 54 NY2d 396; *People v Keppler,* 92 AD2d 1032; *People v Hopkins,* 86 AD2d 937, 940, affd 58 NY2d 1079). Nor do we find any merit in defendant's claim that he was denied a fair trial by the brief colloquy between defense counsel and the trial court after one of counsel's objections during the prosecutor's summation.

Next, there is no merit in defendant's claims that certain rulings by the court during the retrial require reversal. We also find no error in the trial court's *Sandoval* ruling, and we reject defendant's claim that the second search of his vehicle, conducted three days after the initial search pursuant to a search warrant, was illegal, requiring suppression of the items seized (see *People v Graham,* 90 AD2d 198, 204-205, mot for lv to app dsmd 59 NY2d 766, cert den __ US __, 104 S Ct 246).

Concerning defendant's argument as to the sufficiency of the proof, the Court of Appeals rejected defendant's claim that the indictment should have been dismissed at the close of the first trial (53 NY2d 678, 681, *supra*), and we reach the same conclusion herein since the proof at the second trial was substantially the same. Although circumstantial, the evidence was sufficient to support the jury's verdict. The mere fact that defendant testified to a version of the facts which would establish his innocence did not preclude the jury from returning a guilty verdict based upon the competing facts and inferences of the People's case (see *People v Pena,* 50 NY2d 400, 409, cert den 449 US 1087).

Finally, we reject defendant's claim that he must be resentenced. Unlike *People v Burgh* (89 AD2d 672), the record convinces us that the sentencing court did in fact consider rehabilitation, but in its discretion rejected that factor as a basis for fixing the sentence in the circumstances of this case. Since there was no abuse of discretion, the sentence should not be disturbed.

Judgment affirmed. Main, J. P., Casey, Mikoll, Levine and Harvey, JJ., concur.