Louis Hodes et al., Appellants, v State of New York, Respondent.

Third Department, November 27, 1985

## APPEARANCES OF COUNSEL

*O'Connell & Aronowitz, P. C. (Thomas F. Gleason* and *Cornelius D. Murray* of counsel), for appellants.

*Robert Abrams, Attorney-General (Richard J. Dorsey* and *William J. Kogan* of counsel), for respondent.

## OPINION OF THE COURT

Mahoney, P. J.

In November of 1976, claimants, owners and operators of Franklin Park Nursing Home located in Nassau County, were indicted and charged with Medicaid fraud. A plea agreement was executed on April 4, 1979 whereby claimants pleaded guilty to the crimes of grand larceny in the third degree, a felony, and attempt to evade tax, a misdemeanor. Further, claimants agreed to make restitution to the State in the amount of $149,485. This amount was based on a schedule listing expenses which had been improperly claimed as reimbursable. The schedule was attached to the plea agreement and paragraph 7 of the agreement stated: "[Claimants] agree that they will not contest the use of the expenses listed on Exhibit A as the base figures for the calculation of the restitution amount. However, [claimants] reserve any rights

which they may have to contest the manner or theory of the calculations made in arriving at the restitution amount for any year."

Claimants paid the entire amount of restitution due. On November 3, 1980, claimants' accountant advised them that they were entitled to be reimbursed for certain overpayments. When claimants' attorneys requested the State to review the matter of restitution, the State refused but did admit that claimants were entitled to $7,140 due to a mathematical error. Claimants filed a notice of intention to file a claim on January 6, 1982. A claim was subsequently filed on October 4, 1983 seeking to recover $105,334 which claimants assert they overpaid the State. The State moved to dismiss the claim for failure to state a cause of action and for lack of subject matter jurisdiction. The Court of Claims granted the State's motion to dismiss the claim. This appeal by claimants ensued.

We affirm. Under Court of Claims Act § 8, the State has waived its immunity to suit. However, the State has not waived immunity for acts which are performed as part of its governmental function, involving the exercise of discretion or judgment of a quasi-judicial nature (*Abruzzo v State of New York*, 84 AD2d 876, 877). While there is a contractual quality to plea negotiations in criminal actions, and a guilty plea induced by an unfulfilled promise must be vacated if the promise is not honored, the Court of Appeals has specifically rejected the application of contract law to plea agreements, stating that public policy considerations in the sentencing of criminal defendants override the ability to contract (*People v Selikoff*, 35 NY2d 227, 241, *cert denied* 419 US 1122). Here, since the plea agreement cannot be construed as a contract, the sole issue involves the review and construction of a plea agreement. Plea bargaining is a governmental act which has no counterpart in the private sector. It involves the exercise of discretion of a quasi-judicial nature. When, as here, such discretionary activities are at issue, the Court of Claims lacks jurisdiction over the claim because the State has not waived its immunity to suit in such areas (*see, Board of Educ. v State of New York*, 88 AD2d 1057, *affd* 60 NY2d 716; *Latin Belly Ltd. v State of New York*, 83 AD2d 706, *lv denied* 55 NY2d 603). Accordingly, the order dismissing the claim must be affirmed. We reach no other issue.

MAIN, CASEY, WEISS and LEVINE, JJ., concur.

Order affirmed, without costs.