■ WATERS OF SARATOGA SPRINGS, INC., Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 69282.)—Mahoney, P. J. Appeal from an order of the Court of Claims (Koreman, P. J.), entered December 24, 1984, which denied claimant's application to deem its notice of intention to file a claim as a notice of claim and granted the State's cross motions to dismiss the claim and the amended claim.

Claimant and the State Office of Parks and Recreation entered into a licensing agreement on June 29, 1978 whereby claimant obtained the right to bottle and market mineral water from springs and wells located on a State park in the City of Saratoga Springs, Saratoga County. In December 1981, the State Department of Health informed claimant that it was required to place certain warning labels on all bottled water sold after January 29, 1982. Claimant, believing that the warning label made the product unsaleable and, further, that

the facts surrounding the labeling requirement constituted a breach of contract, a breach of warranty and fraud, timely filed a notice of intention to file a claim on April 19, 1982. Claimant filed a claim on April 23, 1984 and promptly moved to have its notice of intention be deemed a claim. The State cross-moved to dismiss the claim. While these motions were pending, claimant filed an amended claim on August 23, 1984 which listed six causes of action. The State then moved to dismiss this amended claim. The Court of Claims refused to deem claimant's notice of intention a claim and dismissed the claim and amended claim. This appeal by claimant ensued.

Initially, we hold that the Court of Claims was correct in denying claimant's motion to deem its notice of intention as a claim. While the notice of intention was timely filed within six months of the accrual of the action (Court of Claims Act § 10 [4]), such a filing cannot hold open indefinitely the period within which to file a claim. It is readily apparent that the claim filed on April 23, 1984 was not presented within the two-year period mandated by Court of Claims Act § 10 (4). In order for a notice of intention to be treated as a claim, it must comply with the basic requirements of a claim (Patterson v State of New York, 54 AD2d 147, 149, affd 45 NY2d 885). It must allege all the necessary elements of a valid cause of action (Heisler v State of New York, 78 AD2d 767, 768). A careful reading of the allegations recited in the notice of intention reveals that they are addressed to the imposition of a labeling requirement by the Department of Health. Such action by the Department is sovereign activity and the State has not waived immunity with respect to such activities (see, Hodes v State of New York, 113 AD2d 121; Abruzzo v State of New York, 84 AD2d 876, 877). Accordingly, since the notice of intention fails to state a cause of action, the Court of Claims properly declined to treat it as a claim.

Turning to the claim and amended claim, it appears that they were filed beyond the two-year period prescribed by Court of Claims Act § 10 (4). However, claimant insists that causes of action are set forth therein which arose subsequent to the filing of the notice of intention. Specifically, claimant asserts that the amended claim contains allegations that constitute a breach of contract action which occurred within six months prior to the filing of the amended claim (Court of Claims Act § 10 [4]), as well as allegations constituting an action for fraud which was first discovered within 90 days of such filing (Court of Claims Act § 10 [3]).

In the first cause of action of the amended claim, claimant

asserts that the State committed a continuing breach of contract up until the date of the filing of the amended claim. We disagree. Although the contract was to extend to 1990, we cannot ignore the reality of the situation. Claimant alleges that it was forced to cease operations in 1982 because of the labeling requirement. It has not processed any water since that time. Accordingly, any injury suffered by claimant was ascertainable in 1982. Clearly, the action alleging a continuous breach of contract is untimely.

Similarly, claimant's second, third and fourth causes of action in the amended claim, alleging that the State breached various express and implied warranties in the licensing agreement, must be dismissed for the same reason. These warranty causes of action were not mentioned in claimant's notice of intention. Accordingly, for the amended claim to be timely, it had to be filed within six months of accrual (Court of Claims Act § 10 [4]). The point of accrual of a claim under this statute is not identical to the time at which a cause of action accrues *(see, Otis Elevator Co. v State of New York,* 52 AD2d 380, 382). A claim accrues when damages accrue, i.e., when damages become ascertainable *(supra).* Here, claimant concedes that it ceased its bottling operation in January 1982. At this point claimant could have determined its damages. Thus, the breach of warranty actions were untimely.

We reach a like result in considering claimant's fifth cause of action alleging that the State wrongfully removed claimant's former president from the bottling plant on June 6, 1984. Since claimant had ceased operations 2½ years prior to the alleged wrongful removal, we cannot perceive any damages to claimant by reason of the State's refusal to permit claimant's officer to utilize the premises.

Turning to claimant's sixth cause of action premised on the State's alleged fraudulent representations, claimant contends that the State induced it to enter into the licensing agreement by supplying false information as to the quality and source of the mineral waters which were to be bottled. Claimant further alleges that this fraud was not discovered until February 28, 1984, thus arguing that the claim filed on April 23, 1984 was within 90 days of discovery. We disagree. The factual pattern set forth in the record persuades us that any fraud should have been discovered at a time proximate to the Department of Health's imposition of the labeling requirement. The requisite label warned consumers that the water's mineral content rendered it unfit as a sole source of drinking water. Thus, it was in 1982 that claimant became aware of the alleged

contaminated nature of the water and possessed "knowledge of facts sufficient 'to suggest to a person of ordinary intelligence the probability that he has been defrauded [whereupon] a duty of inquiry arises' and may thus start the running of the statute" (Sielcken-Schwarz v American Factors, 265 NY 239, 246, quoting Higgins v Crouse, 147 NY 411, 416). The failure of claimant to attempt to ascertain the existence of any misrepresentations until February 1984 cannot inure to its benefit. Next, where, as here, the State has presented prima facie proof that the Statute of Limitations had expired before the commencement of the action, it is incumbent upon claimant to produce evidentiary proof showing that the limitation period was tolled by its inability to discover any fraud (Doyon v Bascom, 38 AD2d 645). Claimant failed to produce any support for its contention that the fraud was not discoverable until February 1984. Accordingly, the sixth cause of action sounding in fraud must be dismissed.

Having determined that the Court of Claims correctly refused to deem the notice of intention as a claim, and, further, that the April 23, 1984 claim as well as all six causes of action set forth in the August 23, 1984 amended claim were untimely, we affirm the Court of Claims order.

Order affirmed, with costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.