OPINION OF THE COURT
John R. Tenney, J.
The defendants have moved for summary judgment on both these claims, or in the alternative, a joint trial.
*289 Since both these claims present the same fact situation and the same legal problem, the motions should be considered together.
The substance of each argument for summary judgment is that the proper remedy to contest an award of a public contract is by a CPLR article 78 proceeding. The argument continues that there can be no action for damages for failure to award a public contract after a bid procedure has been followed.
Plaintiff contends that it was the low bidder in both cases, and that it should have been awarded the contract. Madison-Oneida BOCES supervised the bid offering and made the award to another bidder on behalf of the defendants in each of the above actions. Plaintiff claims that the bidding procedures were irregular, and it is entitled to damages.
The bidding process has been described as a quasi-judicial governmental function. Also, the awarding of a bid is a discretionary act of the responsible official. Generally, it has been held that there is no waiver of immunity by the State and, thus, no suit for damages is permitted. (Mason Stationery Prods. v State of New York, 65 AD2d 859; Latin Belly v State of New York, 83 AD2d 706; Gross v State of New York, 33 AD2d 868.)
This same rule applies to the defendants in this case. The awarding of bids is a discretionary function of a public official.
Under General Municipal Law § 100-a, all public contracts are to be covered and construed under the definition of General Municipal Law article 5-A. General Municipal Law § 103 (1) states that public contracts shall be awarded to the “lowest responsible bidder” or the responsible officer may, in his discretion, reject all bids. Thus, this is a clear statement that the awarding of public contracts following a bid procedure is a matter of discretion.
Discretionary matters are reviewable only by an article 78' proceeding. A damage suit is not the proper or allowable method of seeking redress.
Plaintiffs actions have no legal basis and, therefore, the motions to dismiss are granted.