■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDDIE LAWSON, Appellant.—Kane, J.

On March 18, 1984, the residence of Carrie Komito was burglarized and a number of checks were taken therefrom. The next day, Ronnie Williams voluntarily surrendered to the local police in the Town of Fallsburg, Sullivan County, and admitted participating in the theft of the checks and the subsequent forgery of three of them. He implicated defendant in the forgery, and described in detail their perpetration of the crime and their acquisition of proceeds therefrom. Williams thereafter pleaded guilty to possession of a forged instrument, received a plea-bargained sentence and testified against defendant at trial.

During the course of the trial, a description of defendant's activities included reference to the burglary of Komito's resi-

dence and other wrongful acts, all uncharged crimes. Defendant's timely objections to this testimony form the basis for one of the issues on this appeal. It is our view that evidence of the uncharged burglary was properly admitted into evidence after clear and appropriate limiting instructions by the trial court. Such evidence is highly probative to establish intent to commit the forgery and to possess the forged instrument, and its probative value outweighs any danger of prejudice to defendant *(see, People v Dales,* 309 NY 97). The same rule applies to other wrongful acts which establish a motive for the attempt to relieve defendant of his heavy gambling debts. Williams testified that defendant took money belonging to him prior to the forgery and struck him following arguments about those gambling debts. On balance, we conclude that this proof was properly admitted into evidence *(see, People v Santarelli,* 49 NY2d 241; *People v Allweiss,* 48 NY2d 40; *People v Vails,* 43 NY2d 364).

We also find other issues raised by defendant either without merit or not preserved for review on this appeal. The cross-examination of defendant, while vigorous, was within the bounds of propriety and any objectionable matters were properly ruled upon by the trial court. In short, defendant received a fair trial *(see, People v Lucas,* 105 AD2d 545, 548, *lv denied* 64 NY2d 1136, *cert denied* — US —, 106 S Ct 281; *People v Keppler,* 92 AD2d 1032), and the sentence imposed was within the discretion of the court, neither harsh nor excessive *(see, People v Farrar,* 52 NY2d 302, 305; *People v Semkus,* 109 AD2d 902).

Judgment affirmed. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.