Arthur D. Brennan, J.
This is a motion by the defendant, Town of Harrison, to dismiss the complaint for legal insufficiency.
While the complaint is inartistically drawn in some respects, this court construes the causes of action as seeking to recover damages for personal injuries and deaths which occurred as the result of an accident on November 16, 1957 when an automobile operated by the male defendant left the highway and struck a tree. Insofar as the town is concerned, this court construes the complaint as alleging that a police officer of said town *318 observed that the aforesaid automobile, when- it stopped at a traffic light some distance from the scene of the accident, was occupied by 15 passengers (inclusive of the infant-plaintiff and the intestates of the other plaintiffs herein) and that he failed to apprehend the operator and prevent him from the further operation of said automobile in violation of the Vehicle and Traffic Law of this State. (Undoubtedly, the violation referred to related to subdivision 15 of section 81 of the Vehicle and Traffic Law, in effect at the time of the alleged accident and prohibiting the operation of overloaded vehicles.) This court further construes the complaint as alleging that such a number of persons obstructed the view of the operator and his control of the subject automobile.
It seems to this court that the most that can be spelled out of these essential facts is an alleged failure on the part of the police officer of the town to furnish the infant plaintiff and plaintiffs’ intestates with requisite police protection. The town, as an instrumentality of the State, is under a duty to furnish police protection to its citizens and residents; and section 89 of the Vehicle and Traffic Law (in force at the time of the alleged accident) did then provide that it shall be the duty of peace officers to strictly and impartially enforce, among others, the provisions of the aforesaid section 81 of the Vehicle and Traffic Law. However, it has been held, repeatedly, that the duty to furnish police and fire protection goes to its citizens and residents as a whole and a duty running to the public generally does not inure to a member of the public individually, save only in such instance where the Legislature clearly so provides. (Steitz v. City of Beacon, 295 N. Y. 51.)
Since 1945, it is no longer necessary in determining the liability of a municipal corporation to consider whether the alleged negligent act relates to a governmental or proprietary function. The waiver of sovereign immunity by section 8 (formerly § 12-a) of the Court of Claims Act simply subjects the State and its subdivisions to the same liability as individuals or corporations. Where, as here, no claim is made that the affirmative' action of the town’s policeman inflicted injury upon any particular person or persons, but the claim is that the policeman omitted to take steps which were necessary to avoid injury to members of the public, such nonfeasance constitutes a failure of police protection which is not a basis for civil liability to individuals. (Steitz v. City of Beacon, supra; Murrain v. Wilson Line, 270 App. Div. 372, affd. 296 N. Y. 845.)
In Murrain v. Wilson Line (supra) and in numerous cases decided thereafter, emphasis was placed upon negligent acts *319 of commission or misfeasance committed by agents of a municipality in the performance of a governmental function, for which a municipality was held liable, as distinguished from acts of omission or nonfeasance by such agents for which there was no liability on the part of the municipality. However, in the recent case of Schuster v. City of New York (5 N Y 2d 75) Judge Van Voobhis observed that the afore-mentioned distinction between acts of commission or misfeasance and acts of omission or nonfeasance furnished an incomplete formula in distinguishing those cases where liability existed and those cases where liability did not exist; and the learned Judge expressed a preference for the tests established by Chief Judge Cabdozo in Moch Co. v. Rensselaer Water Co. (247 N. Y. 160, 167, 168). But it is clear that in applying these latter tests, liability may not be visited upon a municipality where, as here, the alleged misconduct in the performance of a governmental function consists ‘‘ merely in withholding a benefit ’ ’ and said misconduct is “ at most a refusal to become an instrument for good”. Nor can it be here held (as was held in the Schuster case) that the town, by its officer, ‘ ‘ had gone forward to such a stage ’ ’ that there existed a relation out of which arose a duty of reasonable care. In the Schuster case (supra), the plaintiff’s intestate had furnished information to the police leading to the arrest of a dangerous fugitive, after having studied the fugitive’s photograph on an F. B. I. flyer which had been posted. After having afforded police protection to the plaintiff’s intestate for some time, the police department discontinued the same and a short time thereafter, plaintiff’s intestate was shot and killed. Our Court of Appeals, in sustaining the legal sufficiency of the complaint, held, inter alia, that having called upon persons in possession of any information regarding the whereabouts of the fugitive to communicate such information in aid of law enforcement, the municipality had made active use of a private citizen and had gone forward to such a stage that inaction in furnishing, police protection to such persons would commonly result, not negatively merely in withholding a benefit, but positively or actively in working an injury and under the special circumstances of the case, a relationship existed “ out of which arises a duty to go forward (p. 82).”
Under the allegations of the subject complaint, the police officer did nothing positively or actively to work any injury upon those who were injured or met their deaths in the subject accident. His alleged negligence consisted only of his inaction in failing to enforce the Vehicle and Traffic Law and whatever may be said or thought of his inaction from the view of moral *320 responsibility, the fact remains that under the law of our State this inactivity is legally insufficient to form a basis of liability on the part of his employer, the defendant town. A similar result occurred in the recent case of Rocco v. City of New York (282 App. Div. 1012). From a reading of the briefs on appeal in that case (the appeal having been allowed on a typewritten copy of the record), it appears that the plaintiff had advised the police of numerous acts and threats of violence committed and made against her by her estranged husband; that she had sought police protection but the same had not been furnished to her; and that as a result of the alleged failure to furnish this protection, her husband was enabled to arrange an incident wherein a third person, acting at the direction and under the instructions of the husband, shot her in the leg causing her to be seriously injured. The plaintiff contended that the municipality owed to her the duty of ordinary care for the apprehension of her criminal husband and for guarding her against injury, since harm to her was foreseeable under the circumstances. The municipality contended that it was under no duty to afford police protection to any specific member of the community and its failure to do so formed no basis of civil liability to such individual. The defendant’s contention was sustained by a directed verdict in its favor and the judgment dismissing the complaint was affirmed on appeal.
The rule is well settled that upon a motion of the subject character, all of the allegations of the complaint must be assumed to be true and the plaintiff is entitled to the benefit of every reasonable inference which may be drawn therefrom. This rule has been followed in the consideration of the subject complaint but upon the basis of the authorities above cited, this court is of the view that the motion of the defendant town should be and the same is granted.
Settle order on notice.