JEANNINE EVERS, Individually, and as Administratrix of the Estate of JOHN F. EVERS, Deceased, Respondent, v. THOMAS W. WESTERBERG et al., Appellants, and INCORPORATED VILLAGE OF LYNBROOK, Appellant-Respondent, et al., Defendants.— In an action to recover damages (1) for personal injuries sustained by plaintiff and (2) for wrongful death and conscious pain and suffering of her husband, defendants Westerberg and the Incorporated Village of Lynbrook appeal from a judgment of the Supreme Court, Nassau County, entered November 25, 1970 against them and in favor of plaintiff upon a jury verdict, and defendants Westerberg further appeal from an order of the same court dated January 28, 1971, which resettled both said judgment and a prior order so as to dismiss said defendants' cross claims (except that, by their briefs, appellants are not appealing from so much of the judgment as is in favor of another defendant against plaintiff). Judgment (as resettled) modified, on the law and the facts, by striking therefrom so much as is in favor of plaintiff against defendant Incorporated Village of Lynbrook and by dismissing the complaint as against said defendant. As so modified, resettled judgment affirmed insofar as appealed from, with costs to plaintiff against defendants Westerberg and with costs to defendant Incorporated Village of Lynbrook against plaintiff. The appeal from the order dated January 28, 1971 has been disposed of in the determination herein of the appeals from the judgment as resettled. This action arose out of an automobile accident which occurred in Valley Stream, at about 1:50 A.M. on December 4, 1966, when an automobile driven by defendant Thomas Westerberg and owned by defendant Celeste Westerberg collided with a vehicle driven by John Evers, in which his wife (plaintiff) was a passenger, causing Evers' death. About 20 minutes earlier, the Westerberg vehicle had been involved in a rear-end collision with another automobile in the Village of Lynbrook. Although we find the verdict against the Westerbergs to be amply supported by the evidence, the same cannot be said of the verdict against the village. Indeed, as to the latter, we hold that the trial court erred in refusing to dismiss the complaint. The village, through its police officers, made an investigation at the scene of the first accident in Lynbrook. It was charged with negligence, through one of its officers, for having failed to take Westerberg into custody on the ground of intoxication and/or impound his damaged vehicle or prevent him from driving it away from the scene. (Westerberg himself was taken into custody after the second, fatal accident, but released when found fit to drive a motor vehicle. The damage sustained to his automobile after the first accident consisted primarily of a bent right fender which allegedly rubbed against the right front tire.) Basically then, the complaint is that the village failed to provide Mr. and Mrs. Evers with adequate police protection insofar as it permitted Westerberg to drive away from the scene of the first accident. It is well settled that a municipality, acting in its governmental capacity for the protection of the general public, cannot be cast in damages for a mere failure to furnish adequate protection to a particular individual to whom it has assumed no special duty (*Murrain* v. *Wilson Line,* 270 App. Div. 372, affd. 296 N. Y. 845; *Motyka* v. *City of Amsterdam,* 15 N Y 2d 134; *Libertella* v. *Maenza,* 21 Misc 2d 317, affd. 16 A D 2d 831; cf. *Schuster* v. *City of New York,* 5 N Y 2d 75). The village's alleged failure to enforce its regulations and the Vehicle and Traffic Law by arresting Westerberg for intoxication, taking his car keys or impounding his automobile falls squarely within this rule of nonliability. It owed no special duty to Mr. and Mrs. Evers and, through its officers, did not take any *affirmative* action which resulted in injury to a member of the public (cf. *Smullen* v. *City of New York,* 28 N Y 2d 66; *Lubelfeld* v.

*City of New York,* 4 N Y 2d 455; *Thain* v. *City of New York,* 35 A D 2d 545). Furthermore, even assuming, *arguendo,* that the village owed Mr. and Mrs. Evers some duty, there was no proof that such duty had been breached or that its negligence constituted a concurrent proximate cause of the second accident. Indeed, in instructing the jury, the trial court never charged that Westerberg could be found guilty of negligence proximately causing the second accident, if he had been driving while intoxicated. Therefore, the village itself, could never be held negligent, as respects the second accident, for failing to arrest him on a charge of intoxication. Nor was there any proof that the village was even authorized to impound Westerberg's vehicle or that it should have foreseen that Westerberg would disregard the officer's instructions not to drive the vehicle upon the highway in its then condition (see *Stanton* v. *State of New York,* 29 A D 2d 612, affd. 26 N Y 2d 990). Finally, we note that the award for plaintiff's intestate's conscious pain and suffering was supported by the evidence. Hopkins, Acting P. J., Shapiro, Gulotta, Christ and Benjamin, JJ., concur.