■ ROBERT F. BURCHINS et al., Respondents, v. STATE OF NEW YORK, Appellant. (Claim No. 50540.)—Appeal from a judgment in favor of claimant, entered August 20, 1973, upon a decision of the Court of Claims. Claimant was injured when the motor vehicle he was operating left the eastbound lane of the highway upon which it was traveling, crossed over into the westbound lane, and collided head-on with another vehicle. His claim against the State is based upon the alleged negligence of a State Trooper in ordering him to drive the vehicle upon a public highway while he was in a sick and/or debilitated condition and under the influence of alcohol. The pertinent facts leading up to the accident are as follows: Claimant and a companion had driven to a tavern in Port Jervis, New York, from New Jersey to watch a professional football game blacked out in their area. During the course of the game, claimant consumed a hot dog, three pitchers of beer and some whiskey. Upon leaving the tavern to return to New Jersey, they lost their way and were ultimately stopped by a State Trooper, who issued a summons to claimant's companion, the owner and operator of the vehicle, for driving on the left side of the road. When the driver was unable to produce an operator's license, an additional summons was issued and he was taken to the nearest Justice of the Peace. Claimant followed, driving his companion's car approximately four miles to the Justice's home without difficulty. After arraignment, bail was set and neither claimant nor his companion were able to produce the necessary cash resulting in an order of commitment. At this point, it was claimant's intention to go back to New Jersey and obtain the necessary funds to secure his friend's release from jail. However, when he informed the trooper he did not know the location of the jail, it is his contention that the State Trooper ordered him to follow the troop car so that he could learn its location. He further contends that at this point he advised the trooper he was not well and did not think he should drive, but was told by the trooper either to drive or walk. Shortly thereafter, the accident occurred. There is conflicting evidence as to the effects of the consumption of alcohol upon claimant, but there is no finding that claimant was intoxicated. In making an award to claimant, the

trial court concluded that there was a duty owed to him by the trooper to prevent him from driving, and that the failure to fulfill that duty was the proximate cause of the accident and the injuries to the claimant. Viewing the incident in the light most favorable to claimant, we find no special duty owed that would cast the State in damages (*Evers* v. *Westerberg*, 38 A D 2d 751, affd. 32 N Y 2d 684). As found by the trial court, the accident herein was not foreseeable. Consequently, the State cannot be charged with negligence (*Palsgraf* v. *Long Is. R. R. Co.*, 248 N. Y. 339). Furthermore, it can be concluded from this record that the accident in question could have resulted from a number of other causes for which the State would not be responsible. Absent proof that claimant's injuries were occasioned wholly or in part by a cause for which the State was responsible, there can be no recovery (*Stuart-Bullock* v. *State of New York*, 38 A D 2d 626, affd. 33 N Y 2d 418). Judgment reversed, on the law and the facts, and the claim dismissed, without costs. Herlihy, P. J., Staley, Jr., Kane, Main and Reynolds, JJ., concur.