OPINION OF THE COURT
Memorandum.
The orders of the Appellate Division should be affirmed, with costs.
For the reasons stated by Mr. Justice Michael F. Dillon in the majority opinion at the Appellate Division, we conclude that the State was not negligent in issuing the interim driver’s license. We note in particular the fact, now conceded by the plaintiff, that the driver was not ineligible under the statutes in effect when the license was issued.
This determination, however, should not be read as suggesting that the State might have been liable if the Motor Vehicle Department had been negligent in issuing the license. Statutes and regulations adopted in the exercise of the police power are, of course, designed to protect the general public from certain known or anticipated harms. But it is settled that the State and its subdivisions acting "for the protection of the general public, cannot be cast in damages for a mere failure to furnish adequate protection to a particular individual to whom it assumed no special duty” (Evers v Westerberg, 38 AD2d 751, affd 32 NY2d 684). It would seem that this principle should apply to the administration and enforcement of State licensing requirements. We also note that when State officials negligently issue a license or fail to revoke it, the State action is generally held not to be the proximate cause of the injury inflicted by the licensee (see State’s Liability for Improperly Licensing Negligent Drivers, Ann., 79 ALR3d, 955).