## (April 10, 1980)

■ THEODORE HOSA, Also Known as THEODORE HOSA, SR., Appellant, v STATE OF NEW YORK et al., Respondents. (Claim No. 61787.) THEODORE HOSA, Also Known as THEODORE HOSA, JR., Appellant, v STATE OF NEW YORK et al., Respondents. (Claim No. 61788.)—Appeal from an order of the Court of Claims, entered May 3, 1978, which granted defendants' motion to dismiss both claims herein upon the ground that they fail to state a cause of action. The claimants in these actions are a father and his son, and at approximately 7:15 P.M. on February 27, 1976 they were injured when the car in which they were traveling collided with a car driven by one James Tucci on State Route 28 in the Town of Olive, Ulster County. As a result, claimants instituted the present actions, wherein they allege that defendant State of New York and defendant New York State Thruway Authority negligently caused the subject accident by failing to stop the Tucci vehicle from proceeding further after it had stopped at the Kingston toll booth while exiting from the Thruway just prior to the accident. Basically, claimants contend that the toll booth attendants on duty knew, or should have known, of Tucci's intoxicated condition as he left the Thruway and, therefore, should have detained his vehicle. Instead, Tucci was allowed to proceed, and the accident thereafter occurred on Route 28 approximately four miles west of the Kingston Toll Plaza. Subsequently, in the Court of Claims, defendants moved to dismiss the claims for failure to state a cause of action, and their motion was granted. These appeals followed. Seeking a reversal of the order of dismissal, claimants do not now dispute the dismissal of the claims against the State of New York, but argue solely that they are entitled to a trial on the factual issues involved with their claims against the Thruway Authority. We find, however, that the claims against the Thruway Authority were likewise properly dismissed. When the mishap in question occurred, claimants were not even using the Thruway, and clearly no special relationship existed between them and the Thruway Authority so as to impose upon the Authority a duty to protect them from the actions of third-party drivers such as Tucci. We hold that, under the circumstances of this case, the Thruway Authority owed a general duty to the public but not a special duty to claimants to control Tucci's actions (*Burchins v State of New York*, 46 AD2d 705, affd 39 NY2d 954; *Evers v Westerberg*, 38 AD2d 751, affd 32 NY2d 684). In conclusion, we would also note on the issue of control that, even though Tucci allegedly stopped at the Kingston Toll Plaza for 20 minutes before proceeding onward, there is nothing in the record to indicate that the Authority in any way attempted to control his actions so as to be chargeable with a special duty to care for him (see *Parvi v City of Kingston*, 41 NY2d 553). Order affirmed, without costs. Mahoney, P. J., Greenblott, Main, Mikoll and Herlihy, JJ., concur.