■ SAMUEL MENTER, as Administrator of the Estate of LENA MENTER, Deceased, Appellant, v DAVID A. BILZ, JR., et al., Defendants, and ELVIN WEST, as Deputy Sheriff of Tompkins County, Respondent. — Appeal from a judgment of the Supreme Court in favor of defendant Elvin West, entered June 2, 1982 in Tompkins County, upon a dismissal of the complaint by the court at Trial Term (Swartwood, J.), without a jury, at the close of plaintiff's case. At approximately 9:20 P.M. on December 14, 1979, plaintiff's intestate was a passenger in an automobile operated by her daughter Joan Johnson, which while traveling south on New York State Routes Nos. 34 and 96, struck and killed a deer. After the accident Mrs. Johnson parked the car on the easterly shoulder approximately 10 feet from the edge of the highway. She turned off the car's headlights and illuminated the vehicle's flasher lights. Deputy Sheriff West of Tompkins County arrived at the scene, investigated the accident, filled out an accident report and tagged the deer so that Mrs. Johnson could legally keep the carcass. Shortly after Deputy Sheriff West left the area Mrs. Johnson, preparing to leave the scene, turned off the car's flashers and turned on the automobile's headlights or headlight, as one may have been damaged and rendered inoperable as a result of the accident. Simultaneously, David Bilz, who was operating his car in a northerly direction, became confused by the lights of the Johnson vehicle, veered to his right off the roadway and struck the Johnson car. Plaintiff's intestate was killed as a result of the collision. Plaintiff, husband and administrator of the deceased, commenced an action in negligence against Bilz, his daughter Joan Johnson, Tompkins County Sheriff Robert Howard and Deputy Sheriff West. The action

against Bilz was settled prior to trial. During the course of the trial against the remaining defendants, plaintiff reached a settlement agreement with defendant Johnson, discontinued the action against defendant Sheriff Howard and, pursuant to stipulation, tried out the issue of liability against Deputy Sheriff West without a jury. At the close of plaintiff's case the trial court, concluding that defendant West owed no duty to plaintiff, granted West's motion to dismiss the complaint. This appeal by plaintiff ensued. We affirm. It has long been settled law in New York that a municipality has a duty to furnish adequate police protection to the general public but cannot be cast in damages for a failure to furnish protection to a specific member of the public (*O'Connor v City of New York,* 58 NY2d 184; *Riss v City of New York,* 22 NY2d 579; *Motyka v City of Amsterdam,* 15 NY2d 134). In sum, absent legislation determining that the scope of public responsibility should be enlarged so as to create a general duty of protection in the laws of tort based upon specific hazards or perceived dangers, the courts have consistently refused to impose upon the State or its political subdivisions a duty, the breach of which would create liability, where a member of the public is injured or damaged under circumstances that might have been prevented by police response or intervention (see *Riss v City of New York, supra*). To be distinguished are certain activities of government which provide services and facilities for use of the public, such as highways or public buildings, in the performance of which the State or municipality may be liable under ordinary principles of tort law (*Riss v City of New York, supra,* p 581; see, e.g., *Rinaldi v State of New York,* 49 AD2d 361). There are, of course, circumstances where a duty of care results from the establishment of a special relationship between the municipality and the individual (see *Florence v Goldberg,* 44 NY2d 189). No such circumstances are present here. Deputy Sheriff West discharged the municipality's duty to furnish adequate police protection to the general public when he investigated the accident and left the scene while the Johnson car was parked off the highway with its flashers illuminated. He was not under any duty to do anything further to insure the safety of individuals not in a condition of peril when he left (see *Evers v Westerberg,* 38 AD2d 751, affd 32 NY2d 684). The distinction made above between the duty of a municipality to safely maintain its highways and public buildings and the absence of a like duty to furnish police protection to individual members of the public, absent the creation of a special relationship, prompts us to reject plaintiff's invitation to apply the rationale of *Shinder v State of New York* (84 AD2d 252) to the facts of this case. In *Shinder,* unlike here, the State Police were discharging a duty to maintain the safety of our highways for the benefit of the general public and not for the benefit of the motorist who was injured when his vehicle struck a loose Brahma Bull which impeded travel along the roadway itself. Judgment affirmed, with costs. Mahoney, P. J.; Sweeney, Main, Mikoll and Yesawich, Jr., JJ., concur.