ROBERT NICKERSON & another vs. COMMONWEALTH
& another.[1]

Barnstable.  April 9, 1986. — May 6, 1986.

Present: HENNESSEY, C.J., WILKINS, ABRAMS, NOLAN, & O'CONNOR, JJ.

*Massachusetts Tort Claims Act. Registrar of Motor Vehicles. Common-*
*wealth,* Liability for tort, Officers and employees, Duty to prevent harm.
*Actionable Tort. Negligence,* Public officer.

The Commonwealth was not liable in an action under G. L. c. 258, the
Massachusetts Tort Claims Act, for injuries to a person who had been
struck on a highway by a private motor vehicle which was being operated
without compulsory insurance due to the allegedly negligent failure of
the Registrar of Motor Vehicles to revoke the vehicle's registration, as
he was required to do under G. L. c. 90, § 34H, on receipt of written
notice that the owner's liability insurance policy had been cancelled.
[477-478]

CIVIL ACTION commenced in the Superior Court Department
on January 18, 1985.

The case was heard by *Francis W. Keating,* J., on a motion
to dismiss.

The Supreme Judicial Court on its own initiative transferred
the case from the Appeals Court.

*Royal C. Thurston, III,* for the plaintiffs.

*Christopher H. Worthington,* Assistant Attorney General,
for the Commonwealth.

NOLAN, J. The single (and novel) issue here is whether the
Commonwealth can be held liable to an injured person for the
failure of the Registrar of Motor Vehicles (registrar) to revoke
the automobile registration of a person for nonpayment of
motor vehicle liability insurance premiums because such person
has caused injuries to another while operating his motor vehicle

---

[1] Registrar of Motor Vehicles.

without such compulsory insurance. The Commonwealth's motion to dismiss under Mass. R. Civ. P. 12 (b)(6), 365 Mass. 754 (1974) was allowed. The plaintiffs appealed to the Appeals Court, and we transferred the case to this court on our own motion. We hold that the Commonwealth is not liable. Accordingly, we affirm.

The action was commenced by a complaint which avers that the plaintiff Robert Nickerson[2] was changing a flat tire in the very early morning of January 23, 1982, on a highway in Duxbury when he was struck by a motor vehicle owned and operated by Gerald S. Carey. An investigation revealed that Carey's motor vehicle liability insurance had been cancelled on December 30, 1980, and written notice of that cancellation had been sent to the registrar, who failed to revoke Carey's registration. A check of the records of the registrar revealed that Carey's motor vehicle was still listed as registered and insured a few weeks *after* the accident, thirteen months after the notice of cancellation.

Our evaluation of the complaint under rule 12 (b)(6) requires us to determine whether the plaintiff can prove any collection of facts in support of his claim which would entitle him to relief. See *Capazzoli* v. *Holzwasser, ante* 158, 160 (1986).

The registrar under G. L. c. 90, § 34H (1984 ed.), is required to revoke the registration of a motor vehicle on receipt of written notice that the owner's motor vehicle liability insurance policy has been cancelled. See G. L. c. 175, § 113A. The essence of the plaintiff's claim is that the registrar's negligent failure to revoke Carey's registration directly and proximately resulted in Carey's operation of an uninsured motor vehicle and, hence, the Commonwealth is liable under the Massachusetts Tort Claims Act, G. L. c. 258, § 2 (1984 ed.). We do not agree.

A case of actionable negligence against the registrar requires a showing that he owed a duty to the plaintiff. See *Dinsky* v.

---

[2] His wife, Mary Ann, is the other plaintiff and she seeks recovery for loss of consortium and loss of income. Because of the view we take of this case, there is no reason to discuss the claims of Mary Ann Nickerson (Robert's wife) for loss of consortium and loss of income.

*Framingham,* 386 Mass. 801, 804-805 (1982). Negligence in a vacuum, as it were, is not actionable because it implicates no duty to a person such as the plaintiff. See *Newlin* v. *New England Tel. & Tel. Co.,* 316 Mass. 234, 236 (1944). In *Dinsky, supra,* we declined to recognize liability in the defendant town arising out of the negligent issuing of building and occupancy permits by the defendant's building commissioner. We ruled in *Dinsky,* as we rule in the instant case, that the plaintiff must show that a special duty of care was owed to him beyond the duty owed to the public at large. In precisely that same vein, we held in *Ribeiro* v. *Granby,* 395 Mass. 608 (1985), that the defendant town was not liable for the negligent failure of a building inspector to take action to compel the owner of an apartment house to install a second means of egress in compliance with the building code requirements. The plaintiffs were seeking damages for wrongful death and conscious suffering of a tenant who died in a fire on the premises. Again, we concluded "that the duty owed by the building inspector was to the public at large and no special duty was owed to the decedent." *Id.* at 613.

The plaintiff's case is not advanced by *Irwin* v. *Ware,* 392 Mass. 745 (1984), because there this court ruled that the risk created by the negligence of the police in failing to arrest the intoxicated operator of a motor vehicle was foreseeable and because relevant statutes evidence a legislative intent to protect both the intoxicated person and other users of the highway. Further, unlike the instant case, the risk in *Ware* was "of immediate and foreseeable physical injury to persons who [could not] reasonably protect themselves from it." *Id.* at 756.

*Judgment affirmed.*