■ GERALD B. BERLINER, as Executor of TINA M. BERLINER, Deceased, Respondent, v BRITT THOMPSON et al., Appellants, et al., Defendants.—Yesawich, Jr., J. Appeal from that part of an order of the Supreme Court (Brown, J.), entered June 3, 1988 in Saratoga County, which denied a cross motion by defendants Britt Thompson, Gaylord Brunnell and Saratoga County Sheriff's Department for summary judgment dismissing the complaint against them.

The facts most favorable to plaintiff support the following scenario. On September 30, 1985, Robert Berliner (hereinafter Berliner) assaulted his estranged wife, Tina M. Berliner, plaintiff's decedent; on October 8, 1985, he assaulted her again and two days later he threatened to kill her. During this period of time, decedent and her daughter were living with Berliner's parents, plaintiff and Carol Berliner at their Saratoga County residence. Decedent reported these incidents to defendant Saratoga County Sheriff's Department (hereinafter

---

* The County of Ulster and its Treasurer also appealed but we have previously dismissed their appeal.

the Sheriff), which referred her to Saratoga County Family Court where she petitioned for and was granted a temporary order of protection on Friday, October 11, 1985. That same day, the order was referred to defendants Britt Thompson and Gaylord Brunnell, Deputy Sheriffs assigned to Family Court, for service upon Berliner; however, the Deputies had already retired for the day. The Sheriff's copy of the order was also apparently undelivered at that time. Plaintiff informed Berliner of the protective order and read part of it to him, but Berliner, in disbelief, called the Sheriff, local and State Police, all of which informed him that there was no such order of protection.

On October 14, 1985, decedent, who had been abducted earlier in the day by Berliner and taken to a motel in the Town of Colonie, Albany County, escaped and reported the incident to defendant Town of Colonie Police Department (hereinafter the police). By arrangement between the police and the Sheriff's office, a Deputy escorted decedent from the Saratoga County line to her home so she could obtain her copy of the order of protection for the police; she then returned to the Town of Colonie and filed a criminal complaint against Berliner. A warrant card was prepared but a warrant was not issued.

On Tuesday, October 15, 1985, Brunnell and Thompson returned to work following the Columbus Day holiday. Although Brunnell tried unsuccessfully to telephone Berliner at home and at work, he did read the protective order into Berliner's answering machine. The next day Thompson and Brunnell, while driving en route to Berliner's home to physically serve him with the protective order, observed a man carrying a plastic bag under his arm which appeared to contain a rifle. The Deputies, speculating that the man might be a burglar or Berliner, pulled their unmarked vehicle over to question him, at which point the man, who indeed was Berliner, saw their uniforms and bolted, and the Deputies gave chase. The Deputies lost sight of him on the street where decedent was then living. In fact, decedent remarked upon the presence of the Deputies to her mother-in-law. In the meantime, Berliner entered his parents' home where he attempted to load the shotgun he was carrying. When his mother tried to disarm him, he struck her with the gun. According to Mrs. Berliner, she then ran outside to get the Deputies' help. She saw one using his radio, seemingly oblivious to decedent's screams. Despite Mrs. Berliner's pleas for aid, 4 to 6 minutes elapsed before the Deputies broke the door down and entered

the house, only to find that Berliner had already stabbed decedent to death.

In the instant wrongful death action, Thompson, Brunnell and the Sheriff (hereinafter collectively referred to as defendants) unsuccessfully sought summary judgment. In denying their cross motion, Supreme Court held, *inter alia*, that the rule requiring establishment of a special relationship before a municipality may be held liable for failure to provide police protection did not apply to the Sheriff because that office is independent of Saratoga County and an adjunct to the courts. We affirm, but in doing so rely on a different rationale.

Municipal police liability principles have already been applied by this court to Deputy Sheriffs (*see, Menter v Bilz*, 92 AD2d 1015, 1016, *lv denied* 60 NY2d 553). As for the rule requiring a special relationship, that does not depend upon some attribute unique to municipalities,* but upon the concept that the State and its political subdivisions do not owe a general duty to their citizens in the performance of governmental functions absent a special relationship between the municipality and the person injured (*see, Sorichetti v City of New York,* 65 NY2d 461, 468). That does not, of course, preclude liability on the part of a Sheriff or his Deputies for misfeasance in the performance of a statutorily prescribed duty (*see, e.g., Teddy's Drive In v Cohen,* 47 NY2d 79, 82; *Kemp v Waldron,* 115 AD2d 869, 870). Furthermore, when the official duties performed by a Sheriff's Deputies are civil rather than criminal in nature, the Sheriff is vicariously liable for their negligence in discharging those duties (*Matter of Sirles v Cordary,* 49 AD2d 330, 333, *affd* 40 NY2d 950; *see also, Barr v County of Albany,* 50 NY2d 247, 257).

Plaintiff seeks recovery from defendants on three discernible theories: (1) that the Deputies were negligent in failing to serve the order of protection prior to the murder, (2) that the Sheriff was negligent in failing to have procedures in place to ensure prompt service of orders of protection, and (3) that the Deputies inordinately delayed their entry into the house following Mrs. Berliner's plea for assistance. Initially, we note that while it is questionable whether the protective order would have deterred Berliner or the Deputies had time to prevent the murder, nevertheless these claims are, on this record at least, fairly arguable and defendants have not

---

* Indeed, a contrary conclusion would result in a different standard of public safety between those residents who rely upon Deputy Sheriffs and urban residents who rely upon municipal police.

proffered evidence sufficient to carry their burden, for this is their motion for summary judgment, of showing that the Deputies' conduct was not a proximate cause of decedent's death.

Insofar as the complaint charges negligence in the execution of civil functions undertaken by Thompson and Brunnell, summary judgment is inappropriate for whether the Deputies were negligent in failing to serve the order of protection earlier or whether the Sheriff's procedures for assuring timely service of protection orders were flawed or lacking are triable questions of fact. However, in pursuing these theories plaintiff may not argue, unless he establishes a special relationship, that too few Deputies were assigned to Family Court nor question the priorities the Deputies gave their various tasks, for these are matters that go to the allocation of limited governmental resources (see, Sorichetti v City of New York, 65 NY2d 461, 468, supra). Finally, for this action to go forward on the distinctly different and independent theory that the Deputies' conduct in attempting to apprehend Berliner, which we view as a criminal justice function, gives rise to liability on their part, plaintiff must establish that a special relationship existed between the Deputies and decedent.

Order affirmed, with costs. Mahoney, P. J., Casey, Weiss, Yesawich, Jr., and Harvey, JJ.