■ RICHARD E. SWIFT et al., Appellants, v STATE OF NEW YORK, Respondent. (Claim No. 78701.)—Mahoney, P. J. Appeal from an order of the Court of Claims (Hanifin, J.), entered December 7, 1989, which, *inter alia,* granted the State's motion for summary judgment dismissing the claim.

On March 8, 1989, claimant Richard E. Swift (hereinafter claimant) was injured in a two-car accident in the Town of Thompson, Sullivan County, when a 1973 Pontiac automobile owned and operated by Kathleen Morelli allegedly struck claimant's vehicle causing serious personal injuries. Approximately one month prior to the accident, Morelli received a farm registration for her vehicle, certifying in her application

that it would be used only for farm purposes *(see,* Vehicle and Traffic Law § 401 [13]).

Claimant apparently could not reach a satisfactory settlement with Morelli because she was not insured pursuant to the Legislature's specific exemption of farm vehicles from insurance requirements *(see,* Vehicle and Traffic Law § 321 [1]). Thus, claimant commenced this claim, including a derivative claim by his wife, alleging negligence in issuing a farm registration to Morelli because her application was patently false and was made solely to register her personal passenger vehicle without purchasing liability insurance. The State moved for summary judgment dismissing the claim. The Court of Claims granted the motion and dismissed the claim, noting insufficient allegations of misrepresentation on Morelli's application to warrant any liability on the State for negligently registering Morelli, the applicability of governmental immunity and the absence of any special duty owed to claimant. This appeal ensued and we affirm.

The Court of Appeals in *Southworth v State of New York* (47 NY2d 874), a case involving a wrongful death claim alleging that the Department of Motor Vehicles was negligent both in establishing a driving rehabilitation program and in issuing an interim operator's license to an individual who was thereafter convicted of driving while intoxicated, stated the general principle that the State, "acting 'for the protection of the general public, cannot be cast in damages for a mere failure to furnish adequate protection to a particular individual to whom it assumed no special duty' " *(supra,* at 876, quoting *Evers v Westerberg,* 38 AD2d 751, *affd* 32 NY2d 684). The court further stated that this principle is applicable to the administration and enforcement of State licensing requirements *(supra),* such as those involving licenses to operate motor vehicles. Based on these controlling legal principles, we agree that summary judgment dismissing the claim was appropriate.

Order affirmed, without costs. Mahoney, P. J., Casey, Weiss, Yesawich, Jr., and Mercure, JJ., concur.