Patsy **JOHNSON** and Wesley Hayes, Plaintiffs,

v.

**INDIAN RIVER SCHOOL DISTRICT, a political subdivision of the State of Delaware, Travis S. Nock, Dolly Nock, Charles T. Nock and Ron Steen, Recordo Nock, Warner Byrd, State of Delaware Department of Public Safety, State of Delaware Division of Motor Vehicles, Neil W. Murray, Steven Lorah, and Myra Von Thenen, Defendants.**

C.A. No. 96C–09–009.

Superior Court of Delaware, Kent County.

Submitted: March 27, 1998.
Decided: June 25, 1998.

William Fletcher, Dover, DE, for plaintiffs.

Robert K. Pearce, Wilmington, DE, for defendant Indian River School District.

W. Michael Tupman, Wilmington, DE, for State defendants.

TERRY, Resident Judge.

A young man named Travis Nock successfully completed a driver's education course offered by the Indian River School District. His instructor was Ron Steen. Nock had polio as a child so he had to wear leg braces and use crutches in order to ambulate. In spite of this handicap, he passed the driver's education course with a high score and Steen issued him what is known as a blue certificate. Steen did not note on the certificate that Nock had any disability which might call for the issuance of a license with restrictions, such as a requirement that he only drive a car equipped with hand acceleration and brake controls.

The Statute at 21 *Del.C.* § 2710(g) authorizes the Motor Vehicle Department to issue a driver's license to a person who produces a blue certificate at the time of application, but the first sixty days of such a license act as a learner's permit where the person can only drive a car if accompanied by a licensed parent or guardian with no more than two members of his immediate family in the vehicle.

Nock went into the Motor Vehicle Department with his blue certificate and filled out

an application for a driver's license in which he disclosed the fact that he had polio. The individual defendants who worked at the Motor Vehicle Department observed him walking with the aid of crutches and leg braces and after conferring together, they issued a driver's license without any further examination pursuant to Section 2710(g).

The Department of Motor Vehicles is authorized, when good cause appears, to issue a license with restrictions "suitable to the licensee's driving ability with respect to the type of or special mechanical control devices required on a motor vehicle which the licensee may operate or such other restrictions applicable to the licensee's driving ability arising out of or caused by the licensee's physical defects or infirmities as the Department determines to be appropriate to assure the safe operation of a motor vehicle by the licensee." [1]

Another Statute provides that "the Department shall examine every applicant for an operator's license before issuing any such license ..." [2] That examination includes "the applicant's physical ... qualification to operate a motor vehicle in such a manner as not to jeopardize the safety of persons or property...." [3]

Apparently the Motor Vehicle Department has established a policy where a license is issued to an applicant holding a blue certificate without any additional examination on the theory that the instructor in a driver's education program is in a much better position to evaluate the ability of a student driver than an employee of the Motor Vehicle Department would be as the result of one road test.

At any rate, a license was issued with no restrictions and Nock subsequently struck and killed a child. Plaintiffs filed suit for wrongful death. It is contended that in order to apply the brakes of his car, Nock had to use his hand to lift his leg off the accelerator and place it on the brake. This delayed reaction time allegedly caused the accident. It is contended that had the Motor Vehicle Department properly examined Nock it should have placed restrictions on his license requiring that he have hand controls on any vehicle he operates. Steen and the Indian River School District, plaintiff says, were derelict in their duty by issuing a blue certificate without recommending that the restriction just discussed be placed on Nock's license.

### The State Defendants

The plaintiff has agreed that summary judgment should be entered in favor of defendants State of Delaware Department of Public Safety, State of Delaware Division of Motor Vehicles and the three employees of the Department of Motor Vehicles in their official capacities, because the claim is barred by the doctrine of sovereign immunity.

That leaves the three employees of the Department of Motor Vehicles, (Neil W. Murray, Steven Lorah and Myra Von Thenen) to be considered in their individual capacities. Murray, Lorah and Von Thenen have been sued on the theory that they acted with gross negligence in failing to discharge a mandatory duty.

Plaintiffs believe that liability should be imposed on them for their failure to administer a road test to Nock in light of his obvious physical handicap and for their failure to restrict his driver's license to the operation of vehicles with hand controls governing the accelerator and brakes. Had such a license been issued, plaintiffs contend, the accident would not have occurred. As an aside, it is interesting to note that when the accident took place, Nock was operating his car in violation of the learner's permit part of his license in that he was not accompanied by the required licensed adult. Whether the failure to issue a license with restrictions can be said to be a proximate cause of the accident since he could just as easily have disregarded that restriction, too, is an interesting question but one which I find unnecessary to reach.

In order for an action in tort to lie against someone, that person must owe a

---

1. 21 *Del.C.* § 2722(a).

2. 21 *Del.C.* § 2713(a).

3. *Id.*

duty to the injured party. When a governmental employee is sued for acts arising out of the performance of his or her job, the Public Duty Doctrine comes into play. That doctrine was thoroughly discussed in *Patton v. Simone*,[4] when the Superior Court recognized that in cases where governmental action is concerned the duty runs to the public at large and not to specific individuals unless certain facts are established. These are:

(1) an assumption by the municipality, through promises or actions, of an affirmative duty to act on behalf of the party who was injured; (2) knowledge on the part of the municipality's agents that inaction could lead to harm; (3) some form of direct contact between the municipality's agents and the injured party; and (4) that party's justifiable reliance on the municipality's affirmative undertaking.[5]

■ In the case at bar, the defendants had no special relationship to the plaintiffs' decedent or to the plaintiffs individually. There was no contact between them at all; the defendants assumed no duty through promises or actions to act on behalf of the injured party; and there was no reliance. Cases from other jurisdictions have held that in instances involving licensing of drivers there is no special duty toward those who are injured as a result of the negligence of those administering the licensing.[6]

■ In short, the statutory scheme whereby employees of the State issue drivers' licenses only involves a duty to the public as a whole and not to a specific individual. This is the general rule, but under special circumstances as noted in *Patton* the rule does not apply. Absent those special circumstances, which do not exist in this case, there is no duty to the plaintiffs or their decedent.

The rule announced in *Patton* is the same as that followed by the United States District Court for Delaware in *Wooters v. Jornlin*[7] and makes a good deal of sense. A contrary rule, which would hold State employees liable for injuries inflicted on others by negligent drivers on the theory that a driver's license was issued with gross negligence, would generate a drastic expansion of liability. Since the Motor vehicle field is highly regulated by State statute such a significant policy change, if warranted, should be made by the General Assembly, not the courts.[8] That is why I am unwilling to consider the creation of a new special relationship as was done in a different context in *Naidu v. Laird*.[9]

Having decided that the State defendants owed no duty to the plaintiffs under the undisputed facts of this case, it is unnecessary to consider whether the actions of the defendants are protected by the State Tort Claims Act found at 10 *Del.C.* § 4001 or whether the acts of the defendants were the proximate cause of the injuries sustained.

### The School Defendants

The Indian River School District and its drivers education teacher, Ron Steen, are also named as defendants. They point to the Delaware Supreme Court decision in *Moss Rehab v. White*[10] where the court declined to create a cause of action for educational malpractice and instead noted that such a policy change is a matter for the legislature.

In *Moss Rehab* the defendant ran a school to train handicapped drivers and one of its graduates caused an accident when he lost control of his car. The complaint alleged that the school was negligent in "evaluating, recommending and training Sharp to drive a motor vehicle...."[11] The court decided that

---

4. Del.Super., C.A. No. 90C–JA–29, 90C–JL–219, Herlihy J., 1993 WL 144367 (Mar. 22, 1993) (Mem.Op.).

5. *Id.*

6. *Nickerson v. Commonwealth*, Mass.Supr., 397 Mass. 476, 492 N.E.2d 90 (1986); *Ryan v. State Dept. of Transportation*, R.I.Supr., 420 A.2d 841 (1980); *Southworth v. State*, N.Y., 47 N.Y.2d 874, 419 N.Y.S.2d 71, 392 N.E.2d 1254 (1979); *Cain v. Department of Highway Safety*, Ohio Ct.App., 14 Ohio App.3d 105, 470 N.E.2d 208 (1984).

7. D.Del., 477 F.Supp. 1140, 1147 (1979).

8. *Moss Rehab v. White*, Del.Supr., 692 A.2d 902 (1997).

9. Del.Supr., 539 A.2d 1064 (1988).

10. 692 A.2d 902.

11. 692 A.2d at 905.

those allegations were tantamount to educational malpractice.

The allegations made by the plaintiffs in the instant case are that Steen gave authorization for the issuance of a learner's permit to Nock without the requirement that special equipment modifications be made in any motor vehicle he used, when he knew that Nock was incompetent to safely operate a motor vehicle without such modifications. It is alleged that in so doing Steen was grossly negligent and his gross negligence is imputed to the school district. To the extent that those allegations sound in educational malpractice they are barred by the *Moss Rehab* ruling.

Plaintiffs argue, however, that they are not alleging educational malpractice. They say that 21 *Del.C.* § 304(b) allows the Department of Public Safety to designate persons to examine applicants for driver's licenses. Steen was such a designee and when he examined and evaluated Nock for a driver's license, he acted with gross negligence by not taking reasonable steps to restrict his use of a motor vehicle. They say that Steen should not have given authorization to the Department of Motor Vehicles for the issuance of an unrestricted driver's license.

What Steen did was to issue a blue certificate which was evidence that Nock had successfully completed the driver's education course. He knew that the Motor Vehicle Department customarily issues driver's licenses (the first 60 days of which operate as a learners permit) based on a blue certificate without giving applicants a road test. Steen did not inform the Motor Vehicle Department that a restricted license should be issued because he believed that Nock could safely drive without one.

The driver's license was not issued by Steen but by the Department of Motor Vehicles and even though a blue certificate was issued, the Motor Vehicle Department could still have required Nock to take a road test. Thus, the blue certificate only meant that Steen had graduated Nock from the driver's education course and that in his opinion Nock

had passed the course. It seems to me that any claim that Nock was not a competent driver and should not have passed the course as able to drive with no restrictions amounts to a claim for educational malpractice.

But even if it does not, the claim is that Steen was an appointed agent of the Department of Motor Vehicles and evaluated Nock for his capability to safely drive a car. As a result of the blue certificate which Steen issued, plaintiffs argue that the Department gave Nock an unrestricted license as the result of some kind of authorization by Steen. If that is the case, Steen and the Indian River School District stand in the shoes of the Department of Motor Vehicles and are entitled to the benefit of the Public Duty Doctrine. They owed no duty to plaintiffs or their decedent.

Looking at the evidence in a light most favorable to the plaintiffs there are two scenarios. Steen failed to properly evaluate, recommend and train Nock to drive a motor vehicle and mistakenly decided he was able to drive a motor vehicle safely without hand controls. In that case he would have committed educational malpractice. Or Steen, a state employee, was an agent designated by the Department of Motor Vehicles to authorize the issuance of a driver's license pursuant to 21 *Del.C.* § 2710(g) in which case he benefits from the Public Duty Doctrine. Under either of the two scenarios, the School defendants have no duty to the plaintiffs.

Summary judgment is entered in favor of the defendants, Indian River School District, Ron Steen, State of Delaware Department of Public Safety, State of Delaware Division of Motor Vehicles, Neil W. Murray, Steven Lorah and Myra Von Thenen.

*IT IS SO ORDERED.*