Ariel v. Town of Kingston.

SHIRLEY P. ARIEL vs. TOWN OF KINGSTON.

No. 06-P-825.

Plymouth. January 12, 2007. - June 6, 2007.

Present: KANTROWITZ, TRAINOR, & KATZMANN, JJ.

*Governmental Immunity. Municipal Corporations,* Governmental immunity,
Officers and employees, Police. *Negligence,* Governmental immunity,
Municipal employee, Police.

In a civil action against a town, in which the plaintiff sought damages for
injuries she suffered as a result of a collision between the car in which she
was a passenger and another vehicle, on a theory that two members of the
town's police department were negligent in directing traffic, the judge cor-
rectly concluded that the town was immune from suit pursuant to the Mas-
sachusetts Tort Claims Act, G. L. c. 258, § 10(*h*), where the officers' direc-
tion of traffic on a public way constituted a form of providing police
protection to the public for the risks involved in motor vehicle traffic, and
where the officers, by doing so, were not making "explicit and specific as-
surances" of safety to the operators of individual motor vehicles, so as to
bring the suit within the exception to immunity set forth in G. L. c. 258,
§ 10(*j*)(1) [292-293]; however, the judge erred in separately considering
whether the action could be maintained against the town on the ground
that the officers' actions fell within to the exception to immunity set forth
in G. L. c. 258, § 10(*j*)(2), as the various subsections of § 10 enumerate
independent bases for immunity from suit [293-294].

CIVIL ACTION commenced in the Superior Court Department on
September 7, 2005.

A motion to dismiss and for entry of separate and final judg-
ment was heard by *Suzanne V. DelVecchio,* J.

*Daniel G. Skrip (Mia Baron* with him) for the defendant.

*Edward S. Bear, Jr.,* for the plaintiff.

TRAINOR, J. The plaintiff, Shirley P. Ariel, brought an action
against the defendants, the town of Kingston (town) and Brooks
P. and Maria Steffy,[1] seeking damages for injuries the plaintiff

---

[1]Defendants Brooks P. Steffy and Maria Steffy are not parties to this appeal.

suffered as a result of a collision between her car and a car driven by Brooks P. Steffy. The plaintiff claims that two members of the Kingston police department were negligently directing traffic and that this negligence contributed to the collision. The town filed a motion to dismiss pursuant to Mass. R.Civ.P. 12(b)(6), 365 Mass. 754 (1974), on the ground that it was immune from suit and from liability pursuant to G. L. c. 258, § 10(*h*) and (*j*).[2] A judge denied the town's motion to dismiss because she determined that one of the two grounds for immunity did not apply to the facts of this case.[3] We reverse.

*Facts.* The facts set forth in the complaint are as follows. On January 14, 2004, the plaintiff was a passenger in a vehicle driven by her daughter, Michelle Ariel. Michelle Ariel was traveling southbound on Cranberry Road in Kingston toward the intersection of Smith Lane and the Route 3 exit ramp. There were several damaged vehicles and emergency personnel already in the Smith Lane intersection because of an accident that had occurred earlier. Two members of the Kingston police department, Officers Robert J. Santos and James Sauer, were in the intersection directing traffic. When Michelle Ariel arrived at the intersection, she had a green traffic signal, so she proceeded

---

[2]General Laws c. 258, § 10(*h*), inserted by St. 1993, c. 495, § 57, provides that a public employer is immune from suit for "any claim based upon the . . . failure to provide adequate police protection, prevent the commission of crimes, investigate, detect or solve crimes, identify or apprehend criminals or suspects, arrest or detain suspects, or enforce any law, but not including claims based upon the negligent operation of motor vehicles, negligent protection, supervision or care of persons in custody, or as otherwise provided in clause (1) of subparagraph (j)."

General Laws c. 258, § 10(*j*), inserted by St. 1993, c. 495, § 57, provides immunity for "any claim based on an act or failure to act to prevent or diminish the harmful consequences of a condition or situation, including the violent or tortious conduct of a third person, which is not originally caused by the public employer or any other person acting behalf of the public employer."

The immunity provided by § 10(*h*) and (*j*) does not apply to "any claim based upon explicit and specific assurances of safety or assistance, beyond general representations that investigation or assistance will be or has been undertaken, made to the direct victim or a member of his family or household by a public employee, provided that the injury resulted in part from reliance on those assurances. . . ." G. L. c. 258, § 10(*j*)(1).

[3]The town has appealed from the denial of its motion to dismiss. The denial of a municipality's motion to dismiss on the basis of immunity is immediately appealable. *Brum* v. *Dartmouth*, 428 Mass. 684, 688 (1999).

through the intersection. In the intersection, Michelle Ariel's vehicle was hit on the driver side by a car driven by Brooks P. Steffy. The plaintiff claims that the accident was caused in part by Officers Santos and Sauer, who "negligently directed traffic at the intersection." The plaintiff further alleges that one of the officers "was affirmatively negligent by waving a motorist through a red light," and that both officers were acting within the scope of their employment at the time of the accident.

*Discussion.* General Laws c. 258, the Massachusetts Tort Claims Act, sets forth the procedures for bringing claims against the Commonwealth, its municipalities, counties, and districts, and the employees of these entities (collectively the Commonwealth).[4] A statutory public duty rule was added to G. L. c. 258 by St. 1993, c. 495, § 57, and provides immunity to the Commonwealth from, among other things, claims based on the "failure to provide adequate police protection, prevent the commission of crimes . . . or enforce any law," unless "explicit and specific assurances of safety or assistance, beyond general representations," are made and "injury result[s] in part from reliance upon those assurances," G. L. c. 258, § 10(*h*), (*j*)(1).[5] In ruling on the town's motion to dismiss, the motion judge considered the town's arguments for immunity under § 10(*h*) and (*j*) separately.

The town contends that the plaintiff's claim is essentially that

---

[4]The Massachusetts Tort Claims Act imposes liability upon the Commonwealth "for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any public employee while acting within the scope of his office or employment, in the same manner and to the same extent as a private individual under like circumstances . . . ." G. L. c. 258, § 2, inserted by St. 1978, c. 512, § 15.

Two exceptions to the general rule of liability were incorporated into the act: the public duty rule and the discretionary function exception. We are concerned here only with the public duty rule.

[5]The public duty rule was first articulated in *Dinsky* v. *Framingham*, 386 Mass. 801 (1982), which held that "[a]s a general rule no liability attaches for failure to use due care in carrying out general governmental functions such as police or fire protection . . . because the duty of due care is owed to the general public and not to any specific individual . . . ." *Id.* at 807, quoting from *Tuffley* v. *Syracuse*, 82 A.D.2d 110, 114 (N.Y. 1981). "The essence of the public duty rule is that a plaintiff harmed by government action is required to show that he or she had a demonstrable right to expect protection *different from,* and *more extensive than,* the protection owed to the public at large" (emphasis added). *Cyran* v. *Ware,* 413 Mass. 452, 456 n.4 (1992). See *Nickerson* v. *Commonwealth,* 397 Mass. 476, 478 (1986).

the police officers failed adequately to perform their duty to direct traffic and to provide police protection. Therefore, the town argues that it is immune from suit and liability pursuant to G. L. c. 258, § 10(*h*). We agree that police officers' direction of traffic on a public way constitutes a form of providing police protection to the public for the risks involved in motor vehicle traffic. The exception to immunity contained in G. L. c. 258, § 10(*j*)(1), see note 2, *supra*, requires that "explicit" and "specific" assurances of safety, beyond general representations, be made by an officer. The phrase "explicit and specific assurances" requires "a spoken or written assurance, not one implied from the conduct of the parties or the situation," and the "terms of the assurance must be definite, fixed, and free from ambiguity." *Lawrence* v. *Cambridge*, 422 Mass. 406, 410 (1996). See *Ford* v. *Grafton*, 44 Mass. App. Ct. 715, 725, cert. denied, 525 U.S. 1040 (1998) ("[the] claim is within the § 10[*h*] exclusion for police protection activities. Accordingly, we are bound to consider only the specific limitations to this exclusion enumerated by the Legislature, i.e., those contained in § 10[*j*][1] . . ."). Police officers directing traffic are generally, and specifically here, not making "explicit and specific assurances" of safety to the operators of individual motor vehicles. We therefore determine, as did the motion judge, that the town is immune from suit and liability under G. L. c. 258, § 10(*h*), for any claim that the officers' alleged negligence in directing traffic was a failure to provide adequate police protection.

The motion judge did not conclude her analysis after determining that the town was immune from suit under § 10(*h*). Instead, she also considered the town's additional argument that it was immune from suit and liability pursuant to G. L. c. 258, § 10(*j*), because the town was not the "original cause" of the plaintiff's injuries. The town argues that the cause of the accident and, therefore, the injuries was the dangerous nature of the intersection and the conduct of both Michelle Ariel and Brooks P. Steffy. The motion judge determined, however, that the town ignored the exception contained in G. L. c. 258, § 10(*j*)(2). This exception provides that the grant of immunity contained in G. L. c. 258, § 10(*j*), does not apply to "any claim based upon the intervention of a public employee which causes

the injury to the victim or places the victim in a worse position than he was in before the intervention . . . ." G. L. c. 258, § 10(*j*)(2). The motion judge determined that the affirmative acts of the officers superseded the directions of the traffic light and that the officers' intervention exacerbated the situation, causing harm to the plaintiff. The motion judge concluded that because the officers' actions fit into the § 10(*j*)(2) exception to the immunity conferred by § 10(*j*), the plaintiff could prove a set of facts in support of her claim and therefore survive a motion to dismiss pursuant to Mass.R.Civ.P. 12(b)(6). Dismissal of her claim against the town was, correspondingly, not appropriate.[6]

The judge's denial of the town's motion to dismiss on the basis that the § 10(*j*)(2) exception applied to its alternative basis for immunity under § 10(*j*) was error. "The immunities provided by § 10 operate in the alternative; even if one immunity contains an exception that would permit a claim to be brought, that claim is barred if any of the other immunities apply." *Brum* v. *Dartmouth*, 428 Mass. 684, 697 (1999). Compare *Ford* v. *Grafton, supra.* The various subsections of § 10 enumerate independent bases for immunity from suit. An exception to the immunity provided by any particular subsection does not create an independent cause of action, but rather limits the immunity afforded by the subsection. Because each of the immunities contained in § 10 operates in the alternative, the judge's analysis should have stopped with her determination the town was immune from suit and liability under § 10(*h*) and that the exception set forth in § 10(*j*)(1), to which reference is made in § 10(*h*), does not apply. The analysis under § 10(*j*) and (*j*)(2) was superfluous.

The order denying the town's motion to dismiss is reversed, and a new order allowing the motion shall be entered.

*So ordered.*

---

[6]A complaint is sufficient to withstand a motion to dismiss pursuant to Mass.R.Civ.P. 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Eyal* v. *Helen Bdcst. Corp.*, 411 Mass. 426, 429 (1991), quoting from *Nader* v. *Citron*, 372 Mass. 96, 98 (1977). "Before such a motion [to dismiss] can be allowed, it must appear with certainty that the pleader is entitled to no relief under any combination of facts which could be proved in support of his claim." *Bahceli* v. *Bahceli*, 10 Mass. App. Ct. 446, 451 (1980).