Fremont-Smith, Thayer, J.
This action arose from the alleged failure of the defendants to reinstate the plaintiff as a police officer with the Newton Police Department. The plaintiffs first amended complaint raises claims for age discrimination in violation G.L.c. *268 15 IB (Count I), breach of contract/promissory estop-pel (Count II), breach of contract/violation of the covenant of good faith and fair dealing (Count III), improper application and enforcement of the reinstatement process (Count IV), and bad faith and/or arbitrary and capricious application and enforcement of the reinstatement process (Count V). The defendants move for summary judgment on Counts II, III, IV, and V against the City of Newton Police Department, and on all claims asserted against the City of Newton Retirement Board.[2] For the reasons explained below, the defendants’ motion is ALLOWED with respect to Counts II, III, IV, and V, and DENIED with respect to Count I.
DISCUSSION
I.Breach of Contract, Promissory Estoppel, & Covenant of Good Faith & Fair Dealing
The plaintiff does not dispute the absence of an employment contract with the City of Newton Police Department during the period in question. He argues, however, that he may pursue a breach of contract claim under principles of promissory estoppel based on the defendants’ promises to act in good faith and to treat him “fairly and equitably” during the reinstatement process.
The promises at issue are too vague to form the basis of a contract. See Lambert v. Fleet Nat’l Bank, 449 Mass. 119, 125 (2007) (holding that there was no contract where the terms of the purported agreement were too vague). Furthermore, there is no indication that these promises were part of a bargained-for exchange. See Restatement (Second) of Contracts §17 (requirement of a bargain). Any reliance by the plaintiff on what amounted to gratuitous promises of an uncertain nature was unreasonable under the circumstances. See Buker v. Nat’l Mgt. Corp., 16 Mass.App.Ct. 36, 44 (1983) (reliance on vague promise held unreasonable). Moreover, the plaintiff has not alleged any specific detrimental reliance to have resulted from the vague assurances he was given by unidentified individuals. The plaintiffs alleged reliance is vague and provides no specifics as to how any such reliance was “detrimental.”[3]
The plaintiffs claim for breach of the covenant of good faith and fair dealing suffers the same fate. There cannot be a breach of the covenant of good faith and fair dealing where “there was no contract of which the implied covenant could be a part.” Levenson v. L.M.I. Realty Corp., 31 Mass.App.Ct. 127, 131 (1991). Nor does the implied covenant expand existing contractual rights or duties. Ayash v. Dana-Farber Cancer Inst., 443 Mass. 367, 385 (2005). Rather, “the purpose of the covenant is to guarantee that the parties remain faithful to the intended and agreed expectations of the parties in their performance.” Uno Restaurants, Inc. v. Boston Kenmore Realty Corp., 441 Mass. 376, 385 (2004). The plaintiffs breach of contract and breach of the covenant of good faith and fair dealing claims are therefore dismissed.
II. Improper or Bad Faith Application & Enforcement of Reinstatement Process
Counts IV and V are both tort-based claims, at least one of which sounds in negligence. To prevail on a negligence claim, the plaintiff must show that the defendants owed him a duty of care. Conley v. Romeri, 60 Mass.App.Ct. 799, 801 (2004). Whether the defendants owed the plaintiff a duty of care presents a question of law. Id.
The plaintiff has failed to identify any duty of care the defendants owed to him. On pages nine and ten of the plaintiffs opposition, he suggests that the defendants were negligent in applying their own rules for reinstatement. A city’s failure to properly apply its own rules and procedures does not ordinarily give rise to a negligence claim. See Nickerson v. Commonwealth, 397 Mass. 476, 478 (1986), and cases cited therein (rejecting negligence claims based on failure to enforce rules and regulations), abrogated in part by Jean W. v. Commonwealth, 414 Mass. 496, 499 (1993) (Liacos, C.J., concurring) (abolishing public duty rule); see also Anderson v. City of Gloucester, 75 Mass.App.Ct. 429, 433 n.7 (2009) (explaining that statutory public duty rule, G.L.c. 258, §10, replaced judicially created public duty rule).
Furthermore, any abuse of discretion on the part of the defendants in imposing various medical examinations and other preconditions to the plaintiffs reinstatement falls outside of the waiver of governmental immunity afforded by the Massachusetts Tort Claims Act. SeeG.L.c. 258, §10(b) (excluding “any claim based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a public employer . . . whether or not the discretion involved is abused”). To the extent the plaintiffs claim is based on discriminatory application of reinstatement requirements based on age, G.L.c. 15 IB provides the exclusive remedy, as is sought in Count I. See Sereni v. Star Sportswear Mfg. Corp., 24 Mass.App.Ct. 428, 429 (1987) (“[T]here is no common law action in Massachusetts based on age discrimination”). Accordingly, the plaintiffs negligence claim, or Count IV, is dismissed.[4]
Count V, which the plaintiff identifies in his opposition as “intentional tort,” repeats the allegations of improper application of the defendants’ rules and bad faith in connection with the reinstatement process. The Court finds this claim duplicative of counts III and IV, and therefore dismisses this claim on the same grounds as set forth above.
III. Age Discrimination Claim Against City of Newton Retirement Board
The City of Newton Retirement Board moves to dismiss the age discrimination claim on the ground that the Division of Administrative Law Appeals *269 (DALA) found that it did not act improperly in processing the plaintiffs return to duty. The issue of age discrimination, however, was not litigated before DALA. As the administrative magistrate acknowledged on page two of her decision, the plaintiffs discrimination claim had been submitted to the Massachusetts Commission Against Discrimination, and was not allowed into evidence at the DALA heating. The motion for summary judgment is therefore denied with respect to the age discrimination claim.
ORDER
For the foregoing reasons, it is hereby ORDERED that the defendants’ motion be ALLOWED with respect to Counts II, III, IV, and V, and DENIED with respect to Count I. Judgment shall enter dismissing Counts II, III, IV, and V of the plaintiffs first amended complaint.

An earlier motion for summary judgment on Count I was denied by Judge Murphy as there is a disputed issue of fact as to whether the plaintiff requested and was denied a “reasonable accommodation” so as to waive the sixteen-week preparation period for a required physical abilities test prior to attendance at the Police Academy.

At the hearing on November 3, 2009, the Court requested specific record references to support the plaintiffs allegations of promissory estoppel. By letter dated November 3, 2009, plaintiffs counsel referred to portions of the plaintiffs deposition in which he indicated that the plaintiff relied on the defendants’ promises by finishing up his work for the Board of Aldermen, and that he was excited to rejoin the police department. Plaintiffs counsel also cited to an affidavit submitted by the plaintiff in connection with a prior summary judgment motion, in which the plaintiff stated, ‘The City of Newton Defendants did not fulfill their promises to me to treat me fairly and equitably; I relied on those promises to my detriment.” Nor do the pages of the plaintiffs deposition cited in his counsel’s letter or in the Statement of Facts (paragraph 149) provide any additional support for his contention.

It is also questionable whether the demand letter dated April 30, 2004, satisfied the presentment requirements of G.L.c. 258, §4. See Garcia v. Essex County Sheriff’s Dep't, 65 Mass.App.Ct. 104, 109 (2005), quoting Gilmore v. Commonwealth, 417 Mass. 718, 723 (1994) (“[A] ‘presentment letter should be precise in identifying the legal basis of a plaintiffs claim’ and should not be ‘so obscure that educated public officials should find themselves baffled or misled with respect to [the plaintiffs] assertions of a claim .. . which constitutes a proper subject for suit within G.L.c. 258.’ ” The letter requested reinstatement, and asserted a lack of good faith during the reinstatement process, but did not mention negligence or any other cause of action the plaintiff intended to pursue under the Massachusetts Tort Claims Act.